508 A.2d 1254

**Sandra McCARTNEY, Appellant**

v.

**MEADOWVIEW MANOR, INC.**

Superior Court of Pennsylvania.

Submitted Dec. 17, 1985.

Filed May 8, 1986.

Michelle DeBord, Huntingdon, for appellant.

Harvey B. Reeder, Huntingdon, for appellee.

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from an Order entered by the Court of Common Pleas of Huntingdon County sustaining the demurrer of the appellee-employer, Meadowview Manor resulting in the dismissal of appellant-employee's complaint.

Appellant was hired by appellee to perform certain duties at appellee's nursing home, including cooking, cleaning and caring for residents, commencing on October 2, 1983. On November 16, 1983, appellee told appellant that her continued employment constituted a "business conflict" and she was, therefore, fired.

The "business conflict" referred to was the result of the fact that during the course of her employment, the appellee learned that the appellant's name had appeared on an application for a license to operate a personal care home for adults, and that the appellant was listed as the proposed manager. This information was obtained by the appellee from an employee of the Department of Public Welfare.

On appeal, the appellant presents the following questions for our consideration:

Whether it was error to grant a demurrer where the court considered factual matters not averred in the complaint, where a specific intent to harm appellant had been alleged and where it was alleged that appellant's dismissal was against public policy considerations.

Appellant argues that the court below erred in finding a business conflict as the justification for the dismissal. Since her complaint did not allege a business conflict, the

court was precluded from using that reason as a basis for granting the demurrer. Appellant relies on *Hunter v. Port Authority of Allegheny County*, 277 Pa.Superior Ct. 4, 419 A.2d 631 (1980).

■ This issue does not concern a classic speaking demurrer in which a fact completely lacking from the record is relied upon in acting upon the demurrer rather, it concerns the reasonable inferences and legitimate consequences of facts which were admittedly in the complaint. After reviewing the complaint and the trial court's opinion we cannot conclude that the court below considered factual matters not averred in the complaint. Therefore, the court below did not err in granting the demurrer.

■ Appellant was an employee-at-will and could be discharged at any time unless her discharge was wrongful in that it violated a clearly recognized public policy. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). However, even if an important public policy is involved, the employer may discharge an employee-at-will if he has a separate, plausible and legitimate reason for doing so *Cisco v. United Parcel Services*, 328 Pa.Superior Ct. 300, 476 A.2d 1340 (1984). As the court below pointed out:

> The public policy exception to the employee-at-will doctrine is a narrow one. *Boresen v. Rohm & Haas, Inc.*, 526 F.Supp. 1230 (E.D.Pa.1981). "The definition of a 'clearly mandated public policy' as one that 'strikes at the heart of a citizen's social right, duties and responsibilities,' set forth in *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981), appears to provide a workable standard for tort action." ]*Novose v. Nationwide Ins. Co.*, 721 F.2d 984 [894] (3rd C.R. [Cir.] 1983). at 899. The fact that an employer's actions seem unfair is not enough *Boresen, supra.*

The Plaintiff has cited many cases to the Court which have held that an employer has wrongfully discharged an employee-at-will. In all those cases the discharge had clearly violated a well-recognized mandate of public policy. However, the public policy that Plaintiff urges this

Court to recognize in this case is not so evident. The Court believes it is not against public policy for an employer to fire an employee who has been actively seeking employment with a competitor in a management position.

An employer has the right to expect some loyalty from its employees and could logically assume that someone seeking a position elsewhere may not be completely motivated to do their present job properly. Further, an employer may be reluctant to fully train someone if that person can, while still on the present employer's payroll, shop his talents around to other employers and eventually use that training to take business away from the person who trained him. Lower court opinion at pp. 3–4.

█ We agree with the court below and find no public policy affected by the discharge of an at-will employee. The demurrer was properly sustained.

Order affirmed.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Judgment of the Court of Common Pleas of Huntingdon County is affirmed.