520 A.2d 461

**Leona HOUSEHOLDER, Appellant,**

v.

**KENSINGTON MANUFACTURING COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Jan. 20, 1987.

Lawrence R. Chaban, Washington, for appellant.

Sidney Zonn, Pittsburgh, for appellee.

Before ROWLEY, McEWEN and TAMILIA, JJ.

McEWEN, Judge:

This appeal has been taken from an order sustaining preliminary objections in the nature of a demurrer and dismissing a complaint which sought damages for the allegedly wrongful discharge of appellant, an at-will employee. Appellant argues that the trial court erred in holding that, under the facts alleged, her sole avenue of recourse was to proceed pursuant to the provisions of the Pennsylvania Human Relations Act (hereinafter "PHRA"), Act of October 27, 1955, P.L. 744, §§ 1 *et seq.*, as amended, 43 P.S. §§ 951 *et seq.*

The standard of review which we apply when examining a challenge to an order sustaining preliminary objections in the nature of a demurrer is well-settled:

> All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purposes of this review.] *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). Where doubt exists as to whether a demurrer should be sustained this doubt should be resolved in favor of overruling it. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960).

*Mahoney v. Furches*, 503 Pa. 60, 64–67, 468 A.2d 458, 461–462 (1983) *quoting Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–1233 (1983). *Accord: Kyle v. McNamara & Criste*, 506 Pa. 631, 633, 487 A.2d 814, 815 (1985); *Judge v. Allentown and Sacred Heart Hospital Center*, 506 Pa. 636, 638, 487 A.2d 817, 818

(1985). *See also: Baker v. Magnetic Analysis Corp.*, 347 Pa.Super. 188, 191, 500 A.2d 470, 472 (1985).

When so viewed, the averments contained in the complaint filed by appellant disclose that appellant was an at-will employee of appellee from September of 1975 until her discharge in March of 1984. Appellant was stricken with a severe asthma attack on October 14, 1982, which required hospitalization and prevented her return to work until November 8, 1982. Appellant was again hospitalized for asthma some fifteen months later, on February 7, 1984. When she returned to work, five weeks later, on March 12, 1984, she was informed that she was being discharged from her employment for the sake of her health.

Appellant could, of course, have sought redress under the Pennsylvania Human Relations Act which provides that it is an unlawful discriminatory practice for any employer to discharge from employment any individual because of his "non-job related handicap or disability". 43 P.S. § 955(a). A remedy for wrongful discharge is conferred by Section 953 of that Act when it states, in relevant part, that "[t]he opportunity for an individual to obtain employment for which he is qualified, ... without discrimination because of ... handicap or disability ... [is] hereby recognized as and declared to be [a] civil [right] *which shall be enforceable as set forth in this act....*" 43 P.S. § 953 (emphasis supplied).[1] Thus, the Act both bestows the right to be free from discrimination by reason of handicap or disability, and prescribes the procedures by which those rights shall be vindicated. Section 959 of the Act specifically states that a complaint alleging such discrimination may be filed with the Pennsylvania Human Relations Commission, and that the Commission must promptly investigate to determine whether or not probable cause exists for crediting the allegations of the complaint. 43 P.S. § 959(a) and (c). If the Commission finds that probable cause exists, it must immediately

1. The use by the legislature of the word "shall" instead of "may" indicates their intent to make the administrative procedures of the Act mandatory rather than discretionary. *See Drum v. Leta,* 354 Pa.Super. 448, 453, 512 A.2d 36, 38 (1986).

endeavor to eliminate the asserted unlawful discriminatory practice by way of conference, conciliation agreement or evidentiary hearing. 43 P.S. § 959(c). The Act does, however, in Section 962(c), provide that the complainant may bring an action in the court of common pleas based upon "the right to freedom from discrimination granted by this act", 43 P.S. § 962(c), wherever a complainant has filed a complaint with the Commission, and the Commission either dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party within one year of the filing of the complaint.

Appellant did not file a complaint with the Human Relations Commission as prescribed by Section 959 of the Act. Instead, fifteen months after her discharge, appellant commenced the instant common law action by filing a complaint in the court of common pleas seeking compensatory and punitive damages, and alleging that appellee had wrongfully discharged her on the basis of a non-job related handicap or disability, contrary to the public policy embodied in Section 955(a) of the Act. It is to be emphasized that appellant has asserted a common law remedy by initiating the instant litigation in the common pleas court, and that she relies upon the PHRA, not for any remedy, but for the sole and limited purpose of defining the public policy which appellee allegedly violated.

Appellee filed preliminary objections in the nature of a demurrer to the complaint, alleging (1) that the complaint failed to state a cause of action since Pennsylvania does not recognize a common law cause of action for the discharge of an at-will employee based on a non-job related handicap, and (2) that appellant had not complied with the statutory prerequisites set forth in the Pennsylvania Human Relations Act, which provides the sole remedy for such a violation. The trial court sustained the preliminary objections and dismissed the complaint.

Appellant in this appeal argues that an at-will employee, who is discharged in violation of Section 955 of the PHRA, may proceed against his or her employer *either* at common law for wrongful discharge or pursuant to the provisions of

the PHRA. Appellant concedes that there is no judicial authority for her position but argues that the provisions of the Pennsylvania Human Relations Act so clearly proclaim a public policy against such discrimination that a violation of the provisions of the Act by an employer gives rise to an independent, common law cause of action for wrongful discharge. This argument must be rejected.

■ First, the PHRA preempts a tort action for wrongful discharge based upon discrimination. *See: Sola v. Lafayette College,* 804 F.2d 40 (3rd Cir.1986); *Carney v. Commonwealth of Pennsylvania Human Relations Commission,* 45 Pa.Cmwlth. 10, 404 A.2d 760, (1979). The employer, of course, has the hammer and there are far many more millions without the protection from discrimination afforded by union membership than possess such job security. It thus fell to the legislature to provide such protection by enactment of the Pennsylvania Human Relations Act. That enactment thereby preempted the method of redress for such discrimination as it condemned in the Act, and precluded the pursuit of such relief as appellant here seeks at common law.[2]

■ Second, even if the Pennsylvania Human Relations Act had not specifically addressed the handicap and disability discrimination which appellant asserts was practiced against her, appellant would be unable to pursue redress at

2. While the precise language of the Act itself, as well as case precedent, clearly establish that the trial court properly ruled that the PHRA preempted a common law action for wrongful discharge, the remarks of certain of the members of the Pennsylvania House of Representatives, including those of Representative Hepford, indicate that the intent of the legislature was to provide only a limited right of access to the courts of common pleas:

MR. HEPFORD: Mr. Speaker, when this bill passed the House, it contained an amendment before it went to the Senate—it is found on page 11—which created a dual remedy for the complainant of discrimination. Prior to that amendment their rights were carried out before the Human Relations Commission, and their appeal from the order of the commission or the dismissal of the complaint was carried then to a court based on the record before the commission. You will note that in the amendment inserted by the Senate they provide that there shall be an additional remedy which changes the law of this Commonwealth materially and grants to the person who

common law since, as a general proposition, there is no common law cause of action against an employer for termination of an at-will employment relationship. *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 31, 386 A.2d 119, 129 (1978). It is true that the Pennsylvania Supreme Court has created an exception to this general principle, but the exception is quite narrow and confined to a situation where the discharge of the at-will employee poses a threat to public policy. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). "The basis of this limited, *non-statutory* cause of action is an appreciation of the fact that the employer's interest in running his business efficiently, profitably, and as he sees fit is not absolute; important as it is, it exists in the context of, and must sometimes yield to, other interests, including the interest of the employee in making a living and the interest of the public in seeing to it that the employer does not act abusively and a proper balance between the employer's and the employee's interests is preserved." *Yaindl v. Ingersoll Rand Compa-*

is the complainant of discrimination a dual right, so that the bill as it left this House provided for that dual right to be created in 30 days.

This certainly was unsatisfactory, and I do not think that this House was fully aware that they were creating two avenues for a person to travel and dual cost of expense.

The Senate wisely amended this to 180 days. If it were possible to remove this completely, I would offer that amendment, but it is not. The best that we can do is permit this action to remain in the Human Relations Commission and in their hands for at least a year before you permit the complainant to start a dual action in a court of law.

The language of this bill clearly spells out that unless the commission dismisses the complaint or has not entered into an agreement with the complainant within 180 days, the complainant can then proceed anew in the court of common pleas.

We do not think this change should be made. We think that all authority in connection with this should remain with the Human Relations Commission, and you should not, after 5 or 6 months, be able to start an action in a court of law as a complainant. For this reason, the only thing that we can do and we are trying to do with this amendment is extend that period of time to file an illegal complaint in a court and having a parallel action to 1 year I ask for support of the amendment.

1974 Pa.Legis.J. 6396–6397 (November 19, 1974) (Remarks of Representative Hepford).

*ny,* 281 Pa.Super. 560, 571, 422 A.2d 611, 617 (1980) (emphasis supplied). More specifically, in order to "overcome the employer's interest in running a business, the employee must show a violation of a clearly mandated public policy which 'strikes at the heart of a citizen's social right, duties, and responsibilities.'" *Turner v. Letterkenny Federal Credit Union,* 351 Pa.Super. 51, 55, 505 A.2d 259, 261 (1985) *quoting Novosel v. Nationwide Insurance Company,* 721 F.2d 894, 899 (3rd Cir.1983).

This Court has in only two instances found public policy considerations sufficient to support a cause of action for wrongful discharge, namely: *Hunter v. Port Authority of Allegheny County,* 277 Pa.Super. 4, 419 A.2d 631 (1980) (as a result of the public policy against unnecessarily stigmatizing former offenders, a public employer could not deny a former offender employment on the basis of a prior conviction for which the offender had been pardoned, unless the conviction was reasonably related to fitness to perform the job sought); and *Reuther v. Fowler & Williams, Inc.,* 255 Pa.Super. 28, 386 A.2d 119 (1978) (due to the importance of trial by jury in our legal system, an employer could not discharge an employee because the employee accepted service on a jury.)

In contrast to these two cases, this Court in *Tourville v. Inter-Ocean Insurance Co.,* 353 Pa.Super. 53, 508 A.2d 1263 (1986), held that the discharge of an employee hospitalized for illness did not violate public policy.[3] Nor was a public policy consideration sufficient to support a *non-statutory,* common law cause of action for wrongful discharge where: (1) an employee was discharged in retaliation for placing an advertisement with a competing paper, *Martin v. Capital Cities Media, Inc.,* 354 Pa.Super. 199, 511 A.2d 830

---

**3.** The Federal courts have held that a violation of public policy will be found to have occurred where an employee is discharged for (1) refusal to submit to a polygraph test, when a statute forbids such testing, *Perks v. Firestone Tire & Rubber Co.,* 611 F.2d 1363 (3rd Cir.1979); (2) reporting motor vehicle violations, *Shaw v. Russell Trucking Lines, Inc.,* 542 F.Supp. 776 (W.D.Pa.1982); and (3) refusing to participate in a lobbying effort, *Novosel v. Nationwide Insurance Co.,* 721 F.2d 894 (3rd Cir.1983).

(1986); (2) an employee was discharged as a result of an accusation of criminal behavior, *Gillespie v. St. Joseph's University*, 355 Pa.Super. 362, 513 A.2d 471 (1986); (3) an employee of a nursing home was discharged because she applied to the state for a license to run a competing facility, *McCartney v. Meadowview Manor, Inc.*, 353 Pa.Super. 34, 508 A.2d 1254 (1986); (4) an employee was discharged for attempting to curtail the misuse of public tax revenues, *Rossi v. The Pennsylvania State University*, 340 Pa.Super. 39, 489 A.2d 828 (1985); (5) an employee was discharged after being wrongly accused and subsequently acquitted of criminal conduct in connection with his employment. *Cisco v. United Parcel Service, Inc.*, 328 Pa.Super. 300, 476 A.2d 1340 (1984). *See also: Darlington v. General Electric*, 350 Pa.Super. 183, 504 A.2d 306 (1986); *Turner v. Letterkenny Federal Credit Union, supra; Yaindl v. Ingersoll Rand Company, supra; Geary v. United States Steel Corp., supra.*

Appellant, having failed to comply with the provisions of the Pennsylvania Human Relations Act, could not, under the facts of this case, proceed against her employer in the court of common pleas. Thus, the order of the distinguished Judge Daniel J. Ackerman dismissing the complaint filed by appellant, must be affirmed.

Judgment affirmed.