## Vincent v. Fuller Co.

*Craig Smith* and *John R. Vivian Jr.,* for plaintiff.
*Robert C. Brown Jr.,* for defendants.

WILLIAMS Jr., *P.J.,* February 28, 1990 — This matter is before the court on defendants' motion for

pretrial rulings. Argument was heard by Williams Jr., *P.J.,* on December 5, 1989, and briefs have been filed. The issues before the court are:

(1) Whether Vincent's statutory cause of action under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951 et seq. is barred by his failure to file a complaint with the Pennsylvania Human Relations Commission within 90 days of "layoff" on December 3, 1982.[1]

(2) Whether Vincent's statutory cause of action for age discrimination under the PHRA is barred by his failure to file a complaint with the court of common pleas within two years from the date of Vincent's "layoff" on December 3, 1982.

(3) Whether Vincent's common-law cause of action for wrongful discharge for alleged failure of Fuller Company and GATX Corporation to follow corporate policy is barred by Vincent's failure to file a complaint with the court of common pleas within two years from the date of Vincent's "layoff" on December 3, 1982.

(4) Whether the court should reconsider the order of McFadden, *J.,* denying defendants' motion for summary judgment on the common-law cause of action for wrongful discharge.

(5) Whether the court should reconsider the order of McFadden, *J.,* denying defendants' motion for summary judgment on the statutory cause of action for age discrimination.

(6) Whether Vincent is entitled to a jury trial for the statutory cause of action for age discrimination.

---

1. In the first three issues presented, defendants alternatively seek to limit the time period for which Vincent can offer proof. In view of our treatment of the underlying issues, we do not reach these alternative questions.

*Background*

On December 17, 1973, Vincent was hired by Fuller, a wholly owned subsidiary of GATX, as manager of engineering services. After seven years, Vincent became manager of administration of the Process, Products and Projects Division. In November 1982, Fuller allegedly eliminated Vincent's job position pursuant to a work force reduction, and Vincent was "laid off" effective December 3, 1982.[2] At the time of layoff, Vincent was 58 years of age. On December 3, 1984, Vincent's "layoff" became a permanent termination. Vincent contends that the layoff and termination were not economically motivated; rather, they occurred because of his age.

On March 15, 1983, Vincent filed an age-discrimination complaint with the Equal Employment Opportunity Commission under the Federal Age Discrimination in Employment Act. EEOC forwarded a copy of this complaint to the commission. EEOC did not proceed with the processing of the complaint under ADEA. On December 3, 1984, Vincent filed suit in federal court, alleging age discrimination in violation of ADEA. He discontinued and dismissed this suit, without prejudice, on February 26, 1985.

By letter dated February 19, 1985, Vincent, through counsel, filed a copy of the EEOC complaint with the commission. The letter stated that "for purposes of the [PHRA], December 3, 1984, is the date the most recent discriminatory action took place." On May 11, 1985, Vincent filed an amended verified complaint with the commission.

On February 26, 1985, Vincent filed an original complaint in the Court of Common Pleas of Nor-

---

2. Fuller contends that the company designated the separation from employment a "layoff" so that Vincent would qualify to receive a vested deferred pension at age 65.

thampton County alleging, inter alia, causes of action for age discrimination and breach of implied contract in terms of employment. An amended complaint was filed on June 13, 1985. By order of court (Franciosa, J.) dated November 22, 1985, the amended complaint was dismissed for lack of subject matter jurisdiction.

A second amended complaint was filed on March 4, 1986, alleging, inter alia, age discrimination and breach of implied employment contract. Vincent avers that Fuller and GATX provided him with publications entitled "GATX Personnel Policies and Practices," and that defendants' breach of various provisions contained therein form the basis in part for the causes of action. Preliminary objections were filed on March 24, 1986. By order of court (Van Antwerpen, J.) dated June 26, 1986, all preliminary objections were denied and dismissed.

On October 11, 1988, Fuller and GATX filed a motion for summary judgment. The court (McFadden, J.) granted the motion for summary judgment only as to claims relating to policy 4.01, dealing with non-union salaried employees with 10 or more years of service.[3] It is with this background that we address defendants' latest pretrial motions.

### Statutory Cause of Action Under PHRA — Complaint Filed with Commission

Vincent first filed an age-discrimination complaint with the EEOC on March 13, 1983.[4] The EEOC transmitted the complaint to the commission

---

3. The motion for summary judgment before Judge McFadden also sought dismissal of Vincent's common-law action for breach of contract and dismissal of Vincent's statutory action for age discrimination. It is the denial of summary judgment relating to these issues that Fuller and GATX are asking us to reconsider.

4. This complaint was timely filed before the EEOC, which has a 180-day limitation period.

shortly thereafter. Such a transmittal constitutes a "filing" with the commission within the meaning of the PHRA. *Lukus v. Westinghouse Electric Corporation,* 276 Pa. Super. 232, 272, 419 A.2d 431, 452 (1980). At the time of Vincent's layoff, the time limitation for filing a complaint under the PHRA was 90 days.[5] 43 P.S. §959(g). This complaint was clearly not filed within the 90-day deadline, and thus is time-barred. Any statutory cause of action arising from the alleged discriminatory layoff is barred by the statute of limitations.

On February 19, 1985, Vincent timely filed a complaint with the commission for age discrimination in the termination of his employment. Vincent filed an amended verified complaint on May 11, 1985.

Fuller and GATX allege that the date the verified complaint was filed should be the "date of filing" for PHRA purposes. They contend that the filing of an unverified complaint cannot be permitted to toll the limitation period for filing a discrimination complaint with the commission, that this impermissibly lengthens the 90-day limitation period. We agree.

Recently, in *Pennsylvania Human Relations commission v. School District of Philadelphia,* 522 Pa. 436, 562 A.2d 313 (1989), an equally divided Supreme Court allowed an order of the Commonwealth Court to stand which provided that the commission could not enlarge the statutory period for filing a verified complaint. The opinion in support of affirmance relied upon *Murphy v. Commonwealth,* 506 Pa. 549, 486 A.2d 388 (1985), which approved the dismissal of a complaint that failed to set forth the particulars of the claim. The court noted that under the PHRA, the jurisdiction of the

---

5. In 1986, the statute was amended to extend the filing deadline from 90 to 180 days. December 16, 1986, P.L. 1626, no. 186, §10.

commission is invoked by filing a *verified* complaint which states with particularity the discriminatory practices complained of. *Murphy,* 506 Pa. at 557, 486 A.2d at 392. "A filing which does not comply with these strictures improperly invokes the commission's jurisdiction, and is in fact a nullity." *Id.* In the case before us, Vincent failed to file a verified complaint within 90 days of the termination of his employment. Accordingly, the jurisdiction of the commission was never properly invoked, and any statutory cause of action based on the discriminatory discharge is barred by the statute of limitations.

### Statutory Cause of Action Under PHRA — Complaint Filed with Northampton County Court of Common Pleas

The law in Pennsylvania regarding discrimination in employment is clear: where a complainant fails to pursue a claim before the commission, he or she is precluded from bringing judicial action. *Clay v. Advanced Computer Applications Inc.,* 522 Pa. 86, 559 A.2d 917 (1989); *Householder v. Kensington Manufacturing Company,* 360 Pa. Super. 290, 294, 520 A.2d 461, 464 (1987), alloc. den., 516 Pa. 629, 532 A.2d 1137 (1987); *Gruver v. Intermetro Industries Corporation,* 1 D.&C. 4th 166 (1988); *Wojciak v. Security-Peoples Trust Company,* 32 D.&C. 3d 258, 259-60 (1984). Vincent will not be permitted to pursue a statutory cause of action under the PHRA for either discriminatory layoff or discriminatory termination.

### Common-Law Cause of Action for Wrongful Discharge

*Geary v. United States Steel Corporation,* 456 Pa. 171, 319 A.2d 174 (1974), clearly enunciated the doctrine that an "at-will" employment relationship

can be terminated for any or no reason unless some clear mandate of public policy is violated. 456 Pa. at 185, 319 A.2d at 180. While age discrimination may violate a "clear mandate of public policy," no common-law cause of action is available to Vincent for wrongful discharge based on age discrimination since Pennsylvania has provided the exclusive remedy for age discrimination in the PHRA.

### Reconsideration of Summary Judgment Denials

The general rule is that absent some new evidence, an interlocutory order entered by another judge of this same court cannot be properly overruled. *Farber v. Engle,* 106 Pa. Commw. 173, 177, 525 A.2d 864, 866 (1987). The principle behind this rule is to promote judicial economy and efficiency. *Id.* Defendants have asked us to reconsider Judge McFadden's summary judgment denials on the common-law cause of action for wrongful discharge and on the statutory cause of action for age discrimination.

Fuller and GATX refer in their brief to the common-law cause of action for wrongful discharge. As discussed *supra,* no such cause of action exists where an at-will employment relationship is involved. Clearly, any motion for summary judgment based on the tort of wrongful discharge must be granted.[6]

However, Vincent also asserts a common-law cause of action for breach of an implied employment

---

6. GATX policy 1.01 refers to equal employment opportunities. As noted *supra,* the PHRA provides the sole remedy for discrimination. No common-law cause of action for age discrimination in employment exists. For the reasons enunciated *infra,* Vincent will not be permitted to circumvent the provisions of the PHRA by alleging that a contractual employment relationship also gives him a cause of action, sounding in contract instead of tort, for wrongful discriminatory termination.

contract. In her opinion dated December 30, 1988, Judge McFadden denied defendants' motion for summary judgment on this theory. In view of recent case law, we reconsider her decision solely to promote judicial economy and efficiency.

Since we are reconsidering a motion for summary judgment, we are bound to view the record in a light most favorable to the non-moving party. Summary judgment is proper only where plaintiff has not established a prima facie case. *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984). From our review of the record, we cannot determine whether the publication[7] on which Vincent relies is an employee handbook, given to each employee by virtue of his or her employment with Fuller or GATX, or whether it is merely a statement of corporate policy, disseminated to managerial employees for guidance purposes in dealing with personnel matters. Since we conclude that no implied employment contract was created in either situation, this factual issue is not so material that summary judgment should be denied.

"It is not sufficient to show [defendants] had a policy. It must be shown they offered it as binding terms of employment. A company may indeed have a policy upon which they intend to act, given certain circumstances or events, but unless they communicate that policy as part of a definite offer of employment they are free to change as events may require." *Morosetti v. Louisiana Land and Exploration Company,* 522 Pa. 492, 564 A.2d 151 (1989), citing *Richardson v. Charles Cole Memorial Hospital,* 320 Pa. Super. 106, 466 A.2d 1084 (1983).

---

7. The publication on which Vincent relies is entitled "GATX Personnel Policies and Practices." Judge McFadden denied summary judgment as to policies numbered 1.01 and 2.09, discussed *infra.*

Vincent has not demonstrated that the policies on which he relies were "part of a definite offer of employment."

. Our Superior Court has stated that a "handbook is enforceable against an employer if a reasonable person in the employee's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule." *Scott v. Extracorporeal Inc.,* 376 Pa. Super. 90, 97, 545 A.2d 334, 337 (1988). (citations omitted) It is well settled that "great clarity is necessary to contract away the at-will presumption." 376 Pa. Super. at 99, 545 A.2d at 338. The employee's pleadings must raise a legally sufficient factual dispute. The court may then "examine the factual averments and decide that the surrounding circumstances ... do not sufficiently manifest an intent to overcome the at-will presumption." 376 Pa. Super. at 103, 545 A.2d at 340.

The court in *Scott* was unable to find a clear indication that the handbook at issue manifested the employer's intent to overcome the at-will presumption. 376 Pa. Super. at 99, 545 A.2d at 338. Our review of the surrounding circumstances in this litigation leads us to a similar result. The publication relied upon by Vincent does not suggest that defendants are obligated to permanently offer employment to Vincent, nor does it otherwise establish the existence of a contractual employment relationship between the parties. In other words, Vincent has not rebutted the at-will employment presumption.

Policy 2.09 states, in pertinent part:

"Before an employee is terminated, the local personnel officer will review all documentation supporting the termination and then determine if appropriate employment opportunities, at a level com-

mensurate with the employee's ability, exist elsewhere in the company."

Vincent argues that, by this policy provision, "he was *promised* certain treatment by his employer, that he *relied on that promise to his detriment,* and that the employer broke that promise in failing to consider him for available company positions following his 'temporary' layoff up to the time he was permanently terminated. This is a straightforward contract claim. . . ." Plaintiff's memorandum in opposition to defendants' pretrial motions at 10. (emphasis supplied) Our Supreme Court has recently announced that the equitable estoppel doctrine will not provide an exception to the *Geary* at-will employment doctrine. *Paul v. Lankenau Hospital,* no. J-163-1989, slip op. at 7 (Pa. February 1, 1990).

Vincent cannot overcome the at-will presumption by alleging the "employee handbook" creates a contract. Nor is he able to assert equitable estoppel in support of his contract claim. Accordingly, Fuller and GATX are entitled to judgment as a matter of law, and summary judgment will be granted as to all common-law causes of action.

## ORDER

And now, February 28, 1990, in accordance with the foregoing opinion, defendants' motion for pretrial rulings is granted.

Vincent's statutory causes of action for discriminatory layoff and discriminatory discharge are dismissed as time-barred. Defendants' motion for summary judgment as to all common-law causes of action is granted.

Accordingly, judgment is entered for the defendants.