John **VOLINO**

v.

**GENERAL DYNAMICS.**

No. 86–107–Appeal.

Supreme Court of Rhode Island.

April 7, 1988.

Christopher J. Burke, Marc B. Gursky, Providence, for plaintiff.

Robert G. Flanders, Jr., Flanders & Medeiros, Providence, for defendant.

OPINION

SHEA, Justice.

This matter is before the Supreme Court on appeal of the plaintiff from judgment against him entered in Superior Court after the court granted the defendant's motion for summary judgment. We affirm.

The plaintiff had been employed by defendant General Dynamics, at its Quonset Point facility as a welder just short of three years prior to his discharge March 21, 1983. The plaintiff alleged that he had been wrongfully discharged by defendant "in retaliation for [his] reporting of several incidents of malpractice by defendant and its agents." There is no dispute that he left the plant on March 17, 1983, without obtaining authorization to do so from his supervisor. The defendant company contends that plaintiff was discharged because of that violation of company policy.

The plaintiff applied to the Rhode Island Department of Employment Security (DES) for unemployment compensation. His application was denied. His appeal from that denial was heard by a referee. At that hearing plaintiff was represented by counsel, and he was afforded the opportunity to testify and to cross-examine defendant's witnesses. In that proceeding plaintiff claimed that he had left work on the day in question because he was ill.

It is clear that the issue of plaintiff's action in leaving defendant's premises without authorization was litigated before the referee. However, nothing exists in the record to indicate that plaintiff's claim that he was discharged in retaliation for reporting violations of United States Navy construction standards was presented to or addressed by the referee. The referee found:

"There is no dispute that the claimant left work without authorization and without personally advising his supervisor. Though the claimant contends that he became physically ill at this time, the credible evidence would indicate that even if he had become ill, it was not of the nature which would have prevented him from complying with company policy relative to obtaining authorization to leave. We find that the claimant must bear responsibility for his unemployment. His actions on this day in question we find to be actions not in the best interest of his employer. Under these circumstances, we find that the claimant was discharged under disqualifying circumstances and benefits must be denied him."

The referee's decision was appealed to the DES Board of Review, which affirmed, stating, "[T]he decision of the Referee is a proper adjudication of the facts in this case and the law applicable thereto." The plaintiff did not seek judicial review in the District Court as was his right under G.L. 1956 (1979 Reenactment) § 28-44-52. Therefore, the decision of the board of review is final.

In the Superior Court defendant moved for summary judgment or, in the alterna-tive, moved for dismissal for failure to state a claim. In support of its motion defendant submitted a memorandum supported by personnel records, indicating that plaintiff had been discharged for leaving the plant without authorization and because of a history of absenteeism. Additionally defendant argued that the law of Rhode Island is that an employment contract of indefinite duration can be terminated at any time with or without just cause.

In deciding the motion, the Superior Court ruled that the determination by DES collaterally estopped relitigation of the wrongful-discharge issue and that an at-will employee was subject to discharge for any reason. The court also noted that plaintiff failed to supply any memoranda or affidavits in opposition to the motion but rather relied on his pleadings and argument.

■ On the issue of termination-at-will of contracts for personal services for an indefinite term, the law of Rhode Island is well established. See Roy v. Woonsocket Institution for Savings, 525 A.2d 915, 917 (R.I.1987); Payne v. K–D Manufacturing Co., 520 A.2d 569 (R.I.1987); Dudzik v. Leesona Corp., 473 A.2d 762 (R.I.1984). In Roy we held that "a contract to render personal services to another for an indefinite term is terminable at the will of either party at any time for any reason or for no reason at all." 525 A.2d at 917.

■ The evidence presented by defendant, including the DES decisions, personnel records, affidavits, the "Hourly Employee Handbook of General Dynamics," all indicate that plaintiff's termination was due to a history of absenteeism and because his leaving the plant during his working hours without authorization. In this situation plaintiff had an affirmative duty to set forth facts that would oppose the evidence submitted by defendant.

As this court held in Ludwig v. Kowal, 419 A.2d 297, 301 (R.I.1980), "In passing upon the motion for summary judgment under [Rule 56], it is the province of the trial justice to determine, by an examination of the pleadings, depositions, answers to interrogatories, admissions on file, and

the affidavits of the parties, whether these documents present a genuine issue of material fact, 'and, if not, whether the moving party is entitled to judgment under the applicable law.'" Since under *Ludwig* the burden then shifts in this instance to plaintiff to counter defendant's sworn statement of fact, plaintiff had an affirmative duty to respond with specific facts that would constitute a genuine issue for trial.

In this case plaintiff filed only a written objection to the motion for summary judgment and presented oral argument at the hearing. Without facts or evidence submitted under Rule 56(e) of the Superior Court Rules of Civil Procedure the trial justice was fully justified in granting summary judgment against plaintiff. Our holding in *Ludwig* should make it crystal clear that a party opposing summary judgment may not rely on pleadings but must affirmatively assert facts that raise a genuine issue to be resolved.

Since the plaintiff has failed to establish that the trial court was in error in granting the defendant's motion for summary judgment, we need not reach the other issues he seeks to raise in this appeal.

For these reasons the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.