James J. CUMMINS

v.

EG & G SEALOL, INC.

Civ. A. No. 87–0114 L.

United States District Court,
D. Rhode Island.

June 30, 1988.

A. Lauriston Parks, Raymond A. Marcaccio, Providence, R.I., for plaintiff.

David Rappaport, Boston, Mass., Frederick Bass, Providence, R.I., for defendant.

OPINION AND ORDER

LAGUEUX, District Judge.

The primary issue presented for decision in this matter is whether the Rhode Island Supreme Court will recognize a common law cause of action in tort in cases where an employer terminates an employee-at-will for reporting employer misconduct expressly prohibited by statute. In the past twenty years, a large number of jurisdictions in the United States has recognized such an action in one form or another. More importantly, the Rhode Island Supreme Court, itself, has tacitly indicated that it will sanction a cause of action for retaliatory discharge in an employment-related context. Given these two indicia, this Court believes that the Rhode Island Supreme Court in the future will expressly recognize a cause of action in tort for employees-at-will who have been discharged for exposing employer conduct that is in violation of an express statutory mandate. Plaintiff's motion to amend the complaint to add such a cause of action in this case, therefore, is granted.

Plaintiff, James J. Cummins, was first employed by the Engineered Products division of defendant EG & G Sealol, Inc. (Sealol) in February of 1982. One year later plaintiff became the Director of Business Development for Sealol. He remained in that position until January 15, 1986, when his employment was terminated effective January 27, 1986.

On November 7, 1986, plaintiff filed a complaint with the Rhode Island Commission for Human Rights alleging that defendant had discriminated against him be-

cause of his age. On the same day, plaintiff also filed a similar complaint with the Equal Employment Opportunity Commission in Boston, Massachusetts.

After exhausting his administrative remedies, plaintiff filed a complaint in this Court again alleging that defendant had intentionally discriminated against him because of his age. He requested relief in the form of back pay, reinstatement and "liquidated damages." Defendant answered plaintiff's complaint on May 1, 1987, in essence claiming that plaintiff was discharged for reasons other than age.

For approximately the next year the parties undertook discovery of the matter in dispute. Then in March of 1988, plaintiff filed a motion to amend the complaint by adding a second count sounding in tort for retaliatory discharge.

In the proposed amended complaint, plaintiff reaverred his cause of action for age discrimination. In the second count plaintiff has alleged that in June of 1983, he became aware that defendant was using inflated prices on certain defense contracts for the production of equipment; that from June until the date of his termination, he "relayed written and oral communications to his superiors which criticized defendant's pricing practices" on the defense contracts; and that he refused to attend certain meetings for defense contract negotiations because of defendant's alleged misrepresentations concerning the pricing of products.

He further alleges that on January 27, 1986, he was terminated from his employment; that he was fired from his job, either in whole or in part, because he criticized defendant's purported illegal pricing practices and refused to participate in conduct that would perpetuate them; and finally that a termination for this reason is "contrary to the public policy of the United States," and creates a right of action for wrongful discharge under the law of Rhode Island.

On April 13, 1988, defendant filed an opposition to plaintiff's motion to amend, and the entire matter was heard one month later on May 11, 1988. At that time it became unclear whether this Court should certify the issue in dispute to the Rhode Island Supreme Court or decide the matter itself. Consequently, plaintiff's motion to amend was taken under advisement. It is now in order for decision.

The motion to amend the complaint was filed by plaintiff pursuant to Fed.R.Civ.P. 15(a). That rule provides that a party who seeks to amend a pleading after a responsive pleading has been served may amend the pleading "only by leave of court ... [L]eave shall be freely given when justice so requires."

The United States Supreme Court has interpreted Rule 15 to allow a plaintiff to amend his complaint unless the cause of action contained in the attempted amendment fails to state a claim upon which relief can be granted, or the amendment would unduly prejudice defendant in some manner. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Defendant Sealol argues both grounds in opposition to the motion.

The claim plaintiff wishes to add to his complaint in this case arises, if at all, under state law. This Court may legitimately adjudicate such a claim under the doctrine of pendent jurisdiction; however, as a state law claim, it is necessary to look to the law of the forum state (Rhode Island) in order to determine whether that law recognizes the existence of such an action.

The Rhode Island Supreme Court has declared on many occasions that an employee who renders personal services for an indefinite term (an employee-at-will) may be terminated "at any time for any reason or for no reason at all," *Roy v. Woonsocket Institution for Savings*, 525 A.2d 915 (R.I. 1987). Until recently, the Rhode Island Supreme Court has never addressed the issue of whether an employee-at-will may maintain a cause of action for wrongful discharge where he has been released in retaliation for refusing to participate in an alleged illegal activity. Rather, all Rhode Island Supreme Court cases prior to 1988 that discuss the general rule for employees-at-will deal with the situation where the

employee merely claimed that he was terminated without good cause, *Roy,* 525 A.2d at 916–918, or for no reason at all. *See Roy* 525 A.2d at 918 n. 2. The law of Rhode Island regarding wrongful discharge actions based upon employer violations of express statutory language, until very recently, was unclear.

■ Normally, where the law of the forum state is "unclear" and a procedure for certifying issues of law from the federal to the state supreme court exists, the United States Supreme Court has directed lower federal courts to follow the certification procedure. *Lehman Brothers v. Schein,* 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). Thus, had the Rhode Island Supreme Court continued its complete silence on the issue in dispute, this Court would have been required to certify the question of law to that court pursuant to Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure.

However, resort to the certification procedure is unnecessary in the present case. In *Volino v. General Dynamics,* 539 A.2d 531 (R.I.1988), the Rhode Island Supreme Court tacitly recognized that employees-at-will possess a cause of action in tort in cases where they are discharged for exposing employer conduct that is contrary to statutorily enacted public policy.

■ In *Volino,* plaintiff alleged that he had been wrongfully discharged by defendant in retaliation for reporting several incidents of malpractice by defendant and its agents that violated United States Navy construction standards. Defendant moved for summary judgment contending that plaintiff was not discharged because he reported violations but rather because he had left defendant's premises without authorization, and had a history of absenteeism. In addition, defendant argued, that plaintiff was an employee-at-will, and thus, could be terminated at any time with or without cause. The trial court granted defendant's motion for summary judgment on the latter ground and plaintiff appealed to the Rhode Island Supreme Court.

In deciding whether the trial court had properly granted summary judgment, the Court first addressed the law of Rhode Island concerning contracts for personal services for an indefinite term. Citing *Roy v. Woonsocket Institute for Savings,* 525 A.2d at 917, the Court noted that such contracts were terminable at the will of either party at any time for any reason or for no reason at all.

The case, however, was not decided upon this ground. Rather, the Court proceeded to uphold the trial judge's grant of summary judgment on the ground that plaintiff had failed to present specific facts showing that he was fired as a result of reporting defendant's malpractice. All that could be determined from the record was that plaintiff had left defendant's premises without authorization and had a history of absenteeism. Thus, there was no genuine issue of material fact to be decided and it was held that defendant's motion for summary judgment was properly granted by the trial judge.

That the Supreme Court proceeded to make this determination indicates clearly that the Court recognized that plaintiff possessed a cause of action for retaliatory discharge. Otherwise, application of the rule in *Roy* would have decided the motion for summary judgment as a matter of law. If the *Roy* rule applied, plaintiff, as an employee-at-will, would have been barred from bringing a cause of action in tort because he could be discharged "at any time" and "for any reason," including for reporting misconduct on the part of his employer. The Supreme Court, however, upheld the trial judge's ruling on the ground that plaintiff had failed to show that he was fired in a retaliatory manner. Implicitly, this is a recognition that plaintiff *already possessed* a cause of action for retaliatory discharge, and lost the motion for summary judgment because he failed to assert facts that would create an issue of material fact as to the discharge's retaliatory nature. The Court in *Volino,* then, has indicated that a cause of action in tort exists for wrongful discharge in cases where employees-at-will are terminated in retaliation for reporting employer conduct

that is contrary to expressly stated legislative policy.

As an alternative method of determining the present state of the law in the forum state, the First Circuit Court of Appeals has directed federal district courts to "assay sister state adjudications of the issue." *Murphy v. Erwin–Wasey, Inc.*, 460 F.2d 661, 663 (1st Cir.1972); *Plummer v. Abbott Laboratories*, 568 F.Supp. 920 (D.R.I.1983). A review of those states' positions on the issue in dispute supports the conclusion that the Rhode Island Supreme Court will expressly recognize a cause of action for retaliatory discharge.

Of the fifty states and the District of Columbia, the courts in forty-four have directly addressed the issue of whether an employee-at-will possesses a cause of action in tort for wrongful discharge in a retaliatory discharge context. In one of those states, Massachusetts, it has been held that an employer implicitly covenants not to discharge an employee-at-will except for good cause. *Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E. 2d 1251 (1977). Thus, claims arising in a retaliatory discharge context are predicated upon breach of contract theory in that jurisdiction. *DeRose v. Putnam Management Co.*, 398 Mass. 205, 496 N.E.2d 428 (1986).

The courts in eight of the forty-four states have expressly refused to recognize that an employee-at-will has a cause of action for wrongful discharge in any circumstances whatsoever. *Meeks v. Opp Cotton Mills*, 459 So.2d 814 (Ala.1984) *superceded by*, Ala. Code § 25–5–11.1 (1975); *Hoffman–LaRoche, Inc. v. Campbell*, 512 So.2d 725, 728 n. 1 (Ala.1987); *but see, Harrell v. Reynolds Metals Co.*, 495 So.2d 1381 (Ala.1986); *Asher v. A.I. DuPont Inst.*, No. 84C–JL–71 slip op. (Del.Super.Ct. June 19, 1987) [available on WESTLAW, 1987 WL 14876]; *Ivy v. Army Times Publishing Co.*, 428 A.2d 831 (D.C.App.1981); *DeMarco v. Publix Super Markets, Inc.*, 384 So.2d 1253 (Fla.1980); *Evans v. Bibb Co.*, 178 Ga.App. 139, 342 S.E.2d 484 (1986); *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086 (Miss.1987); *Murphy v. American*

*Home Products Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983); *Phung v. Waste Management, Inc.*, 23 Ohio St.3d 100, 491 N.E.2d 1114 (1986). Those courts have held that since an employee-at-will may be dismissed at any time for any reason, he is barred from suing his employer at common law. This is true even where the employer terminates the employee-at-will in retaliation for reporting conduct of the employer that is contrary to law or public policy.

In the remaining thirty-five states the courts have expressly or implicitly recognized that an employee-at-will possesses a cause of action in tort in cases where the employee-at-will is terminated for revealing or refusing to participate in employer misconduct. In twenty-eight of those thirty-five states, it has been held that the cause of action exists where the employee-at-will is discharged for reporting or refusing to participate in employer conduct that violates a specific expression of public policy. *Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 710 P.2d 1025 (1985); *Proctor v. East Central Arkansas EOC*, 291 Ark. 265, 724 S.W.2d 163 (1987); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980); *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 427 A.2d 385 (1980); *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625 (1982); *MacNeil v. Minidoka*, 108 Idaho 588, 701 P.2d 208 (1985); *Price v. Carmack Datsun, Inc.*, 109 Ill.2d 65, 92 Ill.Dec. 548, 485 N.E.2d 359 (1985); *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind.1988); *Adler v. American Standard Corp.*, 291 Md. 31, 432 A.2d 464 (1981); *Phipps v. Clark Oil & Refining Corp.*, 408 N.W.2d 569 (Minn.1987); *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859 (Mo.1985); *Keneally v. Orgain*, 186 Mont. 1, 606 P.2d 127 (1979); *Schriner v. Meginnis Ford Co.*, 228 Neb. 85, 421 N.W. 2d 755 (1988); *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984); *Howard v. Dorr Woolen Co.*, 120 N.H. 295, 414 A.2d 1273 (1980) (arguably altering the nature of the action created from one in contract as in *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974) to one in tort); *but*

see, *Bergeron v. Travelers Ins. Co.*, 125 N.H. 107, 480 A.2d 42 (1984); *Kalman v. Grand Union Co.*, 183 N.J.Super. 153, 443 A.2d 728 (1982); *Vigil v. Arzola*, 102 N.M. 682, 699 P.2d 613 (App.1983); *rev'd on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984); *Hogan v. Forsyth Country Club Co.*, 346 S.E.2d 141 (N.C.1986); *Krein v. Marian Manor Nursing Home*, 415 N.W.2d 793 (N.D.1987); *McCartney v. Meadowview Manor, Inc.*, 353 Pa.Super. 34, 508 A.2d 1254 (1986); *Volino v. General Dynamics*, 539 A.2d 531 (R.I.1988); *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213 (1985); *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985); *Clanton v. Cain–Sloan Co.*, 677 S.W.2d 441 (Tenn.1984); *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985); *Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 685 P.2d 1081 (1984); *Harless v. First Nat'l Bank*, 162 W.Va. 116, 246 S.E.2d 270 (1978); *Ward v. Frito–Lay, Inc.*, 95 Wis.2d 372, 290 N.W.2d 536 (1980); *but see, Holloway v. K–Mart Corp.*, 113 Wis.2d 143, 334 N.W.2d 570 (1983). Generally, the specific expression of public policy arises from well-established legislative, judicial, or administrative mandate. *E.g., Parnar*, 652 P.2d at 631. Other courts have gone further and acknowledged that "implied expressions of public policy," if violated, may create a cause of action on behalf of an employee. *Brown v. Physicians Mutual Insurance, Co.*, 679 S.W.2d 836 (Ky.App. 1984); *Suchodolski v. Michigan Consolidated Gas Co.*, 412 Mich. 692, 316 N.W.2d 710 (1982); *Payne v. Rozendaal*, 147 Vt. 488, 520 A.2d 586 (1986).

In addition to the requirement of a public policy mandate, several of the state courts have required one or two additional criteria. Some have held that a cause of action for retaliatory discharge does not exist if the policy threatened by the discharge may be upheld through an alternative mechanism (e.g., a state procedure for dealing with unfair employment practices). *Gamble v. Levitz Furniture Co.*, 759 P.2d 761 Slip.Op. (Colo.App.1988) (Petition for certiorari may be pending); *Armstrong v. Goldblatt Tool Co.*, 242 Kan. 164, 747 P.2d 119 (1987) *overruled by, Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645 (1988); *Allen v. Safeway Stores, Inc.*, 699 P.2d 277 (Wyo.1985). Other courts have required that the policy threatened by the employer's conduct must be directly related to the employee's role as an employee. *See Patton v. J.C. Penney Co.*, 301 Or. 117, 719 P.2d 854 (1986).

Whatever the particular rule, in a particular jurisdiction may be, it is clear that giving a whistleblowing employee a cause of action in tort for retaliatory discharge is the wave of the future. In addition, there is at least one instance where a state court has ruled that an employee possesses a cause of action in tort for wrongful discharge on facts very similar to those alleged in the present case.

In *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980), defendant employer, Atlantic Richfield Co., (Arco), was allegedly involved in illegal gasoline price-fixing schemes in violation of express provisions of the Sherman Antitrust Act. In order to perpetuate its plans, Arco pressured plaintiff employee, Gordon Tameny, to threaten independent retailers to cut gasoline prices to a point at or below a level specified by Arco. When Tameny refused to yield to Arco's pressure he was ousted from his position.

As a result of these events, Tameny filed an action in the Los Angeles County Superior Court alleging that he was fired for refusing to commit a criminal act. Defendant demurred contending that plaintiff's allegations, if true, did not state a cause of action in tort. Initially, defendant's demurrer was sustained; however, upon appeal, the California Supreme Court reversed, holding that an employee-at-will may bring an action in tort for wrongful discharge when discharged for refusing to engage in conduct that contravenes an express statutory objective or firmly established principle of public policy. Any other result, the Court reasoned, would condone breach of a duty imposed by law on all employers.

Defendant in *Tameny* allegedly engaged in activity that violated the Sherman Anti-

trust Act. Arco used economic pressure to fix prices at a certain level. Similarly, in the case at bar, defendant allegedly engaged in conduct that violated specific federal statutes (False Claim Act, 31 U.S.C. § 3729; Truth and Negotiations Act, 10 U.S.C. 2306(f)). Defendant here, it is alleged, fixed prices by misrepresenting production costs.

The similarity between the two cases does not end there. The plaintiff in *Tameny* knew of his employer's illicit activity, and when asked to further it, refused to do so. Similarly, plaintiff in the present case claims he refused to participate in defendant's illegal practices by absenting himself from the negotiation sessions that gave rise to the alleged misrepresentations. Indeed, plaintiff here went further than Tameny in that he allegedly attempted to expose defendant's misrepresentations by reporting them to his superiors. As the California Supreme Court indicated in *Tameny*, to deny plaintiff a cause of action under these circumstances would be to condone breach of a duty—the duty not to discharge an employee for attempting to correct an illegal act—imposed by law on all employers. This Court, thus, holds that under Rhode Island law an employee-at-will possesses a cause of action in tort against an employer who discharges the employee for reporting employer conduct that violates an express statutory standard.

The only issue that remains to be resolved is whether defendant would be prejudiced by amendment at this date. The information that led to the sought-for amendment came to plaintiff's attention in the course of discovery. Thereafter, plaintiff promptly filed his motion to amend. The Court does not believe plaintiff's motion is only a "belated attempt" to "insure" against dismissal of the suit. Thus, defendant will not be prejudiced any more than usual following the revelation of new material in the course of discovery. In any event, the discovery deadline will be extended at defendant's behest if it is deemed necessary to allow defendant to meet these new allegations.

For all the above reasons, plaintiff's motion to amend the complaint is granted.

*It is so Ordered.*