**David A. PACHEO**

v.

**RAYTHEON COMPANY.**

**No. 92–426–Appeal.**

Supreme Court of Rhode Island.

April 23, 1993.

Marc Gursky, Providence, for plaintiff.

Michael P. DeFanti, Douglas Giron, Hinckley, Allen, Snyder & Comen, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before this court on April 2, 1993, pursuant to an order directing both parties to appear and show cause why this appeal should not be summarily decided.

The plaintiff, David A. Pacheco, filed a complaint in Superior Court, alleging that he was wrongfully discharged by defendant, Raytheon Company. In response to plaintiff's complaint, defendant filed a motion to dismiss, arguing that plaintiff's employment was subject to termination at will. The trial justice treated the motion as one for summary judgment. She granted the motion, and plaintiff now appeals.

The Superior Court declined to recognize the tort of whistle blowing, noting the long line of cases regarding the employment-at-will doctrine. *See Volino v. General Dynamics,* 539 A.2d 531, 532 (R.I.1988). In our review we recognize that the General Assembly has passed legislation in this area that is inapplicable to the plaintiff's appeal. It is not the role of the courts to create rights for persons whom the Legislature has not chosen to protect. To the extent that our decision in *Volino* may have been misleading, we now unequivocally state that in Rhode Island there is no cause of action for wrongful discharge.

After hearing the arguments and considering the memoranda of the parties, we are of the opinion that cause has not been shown. The appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court for further proceedings consistent with this opinion.