Neel, J.
In this wrongful discharge action, defendant Elan Pharma, Inc. moves for summary judgment on the grounds that Rhode Island law governs this action and does not recognize wrongful termination claims. For the following reasons, the motion is denied.
BACKGROUND
Defendant is a corporation with a usual place of business in Smithfield, Rhode Island. Defendant leases intestinal pumps to health care providers who purchase from defendant disposable products and formula used with the pumps.
In 1992, defendant hired plaintiff, Lee Alford, as a sales representative at its principal place of business in Cambridge, Massachusetts, where he reported to his superiors. At that time, plaintiff signed an Employee Confidentiality Agreement providing that the parties’ rights and obligations thereunder would be governed by Massachusetts law. Plaintiff has at all relevant times been a resident of Newton, Massachusetts.
In 1994, plaintiff was promoted first to District Manager and then to Eastern Area Manager. As Eastern Area Manager, plaintiff supervised sales representatives and called on customers throughout the eastern United States.
In the summer of 1994, defendant moved its Cambridge office to Smithfield, Rhode Island. By August of 1994, defendant had no offices in Massachusetts. Following the move, plaintiff reported to superiors in Rhode Island and, briefly, California, but to no one in Massachusetts. As part of his job, plaintiff regularly traveled to Rhode Island, where most meetings with defendant’s management took place. The parties also communicated between Massachusetts and Rhode Island by fax, telephone, and overnight courier. Plaintiff also used his home office to telephone defendant regarding business accounts.
In March of 1995, defendant learned that a customer, Asco Health Care (“Asco”) of Baltimore, Maryland intended to discontinue using defendant’s products. Defendant informed Asco that it must either return the intestinal pumps within its possession, lease them at $50 each per month, or purchase them for $500 each.
Over the course of March 1995, plaintiff and defendant disagreed on the number of pumps for which Asco should be billed. On March 2, plaintiff sent defendant a report stating that Asco possessed approximately 773 pumps. On March 17, plaintiff met with his supervisor, Pam Beckman, in Rhode island to discuss the issue. On March 21, plaintiff telephoned Beckman in response to a fax from Beckman to plaintiff regarding the number of pumps in Asco’s possession. Plaintiff expressed his concern to Beckman that Asco had fewer pumps than defendant had stated. On March 23, Beckman sent to plaintiff in Massachusetts, via overnight courier, a copy of defendant’s invoice to Asco for 1,857 pumps. On March 24, plaintiff telephoned Beckman from his home office regarding the Asco account, and told her that he did not feel comfortable in invoicing Asco for that number of pumps. On March 27, plaintiff met with Beckman in Rhode Island. When plaintiff stated that Asco did not have 1,857 pumps, Beckman allegedly replied, “you know that, I know that, but they don’t know that; let them prove it.” Defendant subsequently discharged plaintiff.
Plaintiff commenced this action claiming that defendant wrongfully discharged him for refusing to accede to defendant’s illegal demand that he overstate the number of pumps for which to invoice Asco. Defendant moves for summary judgment, arguing that the law of Rhode Island, which does not recognize wrongful discharge actions, applies here. Alternatively, defendant asserts that its termination of plaintiff did not violate public policy under Massachusetts law.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Id. at 17.
1. Choice of Law
The parties disagree on whether Massachusetts or Rhode Island substantive law governs this action. In contrast to Massachusetts, Rhode Island does not recognize wrongful discharge claims. See Andrade v. Jamestown Housing Authority, 82 F.3d 1179, 1188 *555 (1st Cir. 1996); Pacheo v. Raytheon Company, 623 A.2d 464, 465 (R.I. 1993).
With respect to contract issues,[1] Massachusetts follows a “functional choice-of-law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole.” Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985). Conflict of laws issues are resolved by assessing various choice-influencing considerations, including those set forth in the Restatement (Second) of Conflict of Laws (1971) (“the Restatement"). Id. at 631-32. Under this approach, in the absence of a choice of law by the parties, their rights are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated under Section 6 of the Restatement. Id. at 632, citing the Restatement Section 188(1).
In determining which state has the more significant relationship to the transaction in litigation and the parties, the court takes into account the following contacts: (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of .the subject matter of the contract, and (5) the domicile, residence, nationality and place of incorporation of the parties. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. at 632, citing Restatement Section 188(2). Factors under Section 6 that are said to be relevant to the choice of the applicable rule of law include: (1) the needs of the interstate and international systems, (2) the relevant policies of the forum, (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (4) the protection of justified expectations, (5) the basic policies underlying the particular field of law, (6) certainty, predictability, and uniformity of result, and (7) ease in the determination and application of the law to be applied. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. at 632, citing Restatement Section 6(2).
Both parties have significant contacts with Massachusetts and Rhode Island. Defendant maintained an office in Massachusetts where plaintiff worked from 1992 to August of 1994, up until seven months before his discharge. Plaintiff has at all relevant times resided in Massachusetts. Following defendant’s move to Rhode Island, the parties communicated between Rhode Island and Massachusetts by way of fax, telephone calls, and overnight courier packages. In March of 1995, defendant sent via courier to plaintiff in Massachusetts a copy of an Asco invoice, and plaintiff responded by telephoning Beckman from his home office. Moreover, the parties entered into their relationship in Massachusetts, and executed an Employee Confidentiality Agreement which is subject to Massachusetts law.
The parties’ contacts with Rhode Island are also significant. Defendant has had its principal place of business in Rhode Island since the summer of 1994. Plaintiff reported to his superiors at defendant’s Rhode Island office, both personally and by telephone. All of the parties’ meetings relating to the Asco account occurred in Rhode Island.
On the facts of this case, measured against the considerations listed in Sections 6 and 188 of the Restatement, the Court concludes that Massachusetts has a more significant relationship to the transaction in litigation and the parties.
Consistent with its policy of providing a remedy for wrongful discharge, Massachusetts has a substantial interest in preserving that remedy for its resident plaintiff. This interest is even stronger where, as here, the parties’ employment relationship was centered in Massachusetts for the first two of the three years of employment, and where, in the third year, plaintiff conducted some of defendant’s business out of his home office in Newton. Massachusetts’ interest is not outweighed by Rhode Island’s generalized interest in protecting its resident defendant from wrongful discharge claims.
The needs of the interstate system favor application of Massachusetts law. Harmonious relations between Rhode Island and Massachusetts would not be advanced by denying liability when a corporation moves from Massachusetts to Rhode Island and shortly thereafter discharges a Massachusetts employee, allegedly for refusing to commit larceny by fraud. Application of Massachusetts law also promotes uniformity, predictability and certainty of result. The parties’ rights and liabilities should not shift because defendant moved from Massachusetts to Rhode Island in the final seven months of the three-year employment period.
The remaining factors are choice-neutral. Defendant may have had legitimate expectations that the law of Rhode Island would apply, as that is where plaintiff reported to his superiors and where the parties met to discuss the Asco controversy. On the other hand, plaintiff may have had justified expectations that he would have a remedy for wrongful discharge, as the employment originated in Massachusetts, it was in part expressly subject to Massachusetts law (in the Employee Confidentiality Agreement), and some of plaintiffs work was out of his home office in Newton. Likewise, ease in the determination and application of the law points to neither state.
Rhode Island’s relationship to the parties and to plaintiffs discharge, while significant, is insufficient to override Massachusetts’ interest and relationship to the parties and their employment relationship. Accordingly, the court concludes that Massachusetts law applies to this action.[2]
*556 2. Whether the alleged conduct constitutes a violation of public policy.
As an exception to the general rule that an employer may discharge an at-will employee at any time with or without cause, Massachusetts recognizes that an at-will employee has a cause of action for wrongful termination if the termination violates a clearly established public policy. King v. Driscoll, 418 Mass. 576, 582 (1994). This exception is narrow; an employee must be able to point to some clearly defined and well established public policy that is threatened by the employer’s action. Glaz v. Ralston Purina Co., 24 Mass. App. Ct. 386, 389-90 (1987). Employees have a claim for wrongful discharge where the termination is in retaliation for performing an important and socially desirable act, exercising a statutory right, or refusing to commit an unlawful act. Id. at 390.
Plaintiff alleges that his termination was in retaliation for his refusal to overstate the number of pumps in Asco’s possession for purposes of billing Asco. Plaintiff has raised a genuine issue of material fact as to whether he was terminated for refusing to commit a crime, larceny by false pretenses.[3] Accordingly, defendant is not entitled to summary judgment.
ORDER
For the foregoing reasons, defendant Elan Pharma, Inc.’s Motion for Summary Judgment is DENIED.

Wrongful termination claims can sound in either contract or tort. See Norris v. Lumbermen’s Mutual Casualty Co., 881 F.2d 1144, 1152 (1st Cir. 1989); Dunfey v. Roger Williams University, 824 F.Sup. 18, 21 (D.Mass. 1993); DeRose v. Putnam Management Co., 398 Mass. 205, 212 n. 7 (1986). Although plaintiff does not specify in his complaint whether his claim is in contract or tort, he implies in his opposition to the motion for summaryjudgment that it sounds in contract.

The same result obtains if plaintiffs claim is construed as a tort. Under Massachusetts choice of law rules, tort claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the cause of action. Dunfey v. Roger Williams University, 824 F.Sup. 18, 21 (D.Mass. 1993), citing Alves v. Siegel’s Broadway Auto Parts, Inc. 710 F.Supp. 864, 869-71 (D.Mass. 1989). See also Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 333 (1983). Evaluation of the significance of Massachusetts’ interest to plaintiffs wrongful discharge claim is determined by examining the last seven of the twelve factors considered in contract choice of law cases. See Dunfey v. Roger Williams University, 824 F.Sup. at 21; Alves v. Siegel's Broadway Auto Parts, Inc., 710 F.Supp. at 871. Although defendant discharged plaintiff in Rhode Island, Massachusetts has a more significant relationship to the cause of action, as explained in the evaluation of the seven Restatement Section 6(2) factors examined above. Accordingly, Massachusetts substantive law governs plaintiffs claim.

The elements of the crime of larceny by false pretenses are (1) the making of a false statement of fact; (2) known or believed by the defendant to be false; (3) made with intent that the person to whom it is made should rely on its truth; and (4) reliance of such person on its truth resulting in the parting with personal property. Commonwealth v. Reske, 43 Mass.App.Ct. 522, 524 (1997); Commonwealth v. Leonard, 352 Mass. 636, 644-45 (1967).