DECISION
The Defendant, CertainTeed Corporation ("CertainTeed"), moves for summary judgment pursuant to Super. R. Civ. P. 56. The Plaintiffs, Deborah Hicks and William Hicks, object to the motion.
 Facts and Travel
This is an asbestos-related product liability action which was commenced in May of 2006 against sixty-eight defendants. Deborah Hicks ("Plaintiff") and her husband, William Hicks ("Plaintiff spouse") allege that Plaintiff was exposed to various asbestos products and materials during her employment with Bell Telephone Company and in the process of renovating her deli. The instant application is brought by Defendant CertainTeed. Plaintiff contends that as a young teenager she was exposed to asbestos-containing roofing materials manufactured, supplied, or sold by CertainTeed when her brothers-in-law used these products in a small roof-repair project on a business attached to her family's home. Plaintiff alleges that she has developed mesothelioma and other asbestos-related pathologies as a result of this exposure.
CertainTeed now moves for summary judgment, contending that Plaintiff cannot meet her prima facie burden of product identification and cannot prove a causal nexus between Defendant's asbestos-containing product and Plaintiff's injury. Specifically, CertainTeed *Page 2 
challenges Plaintiff's identification of its product, as during her deposition Plaintiff initially identified the roofing product used by her brothers-in-law as "Bondex." Only after admitting mental fatigue and returning from a break did Plaintiff identify the product as "CertainTeen, or something like that." Depo. Trans. of DeborahHicks, Vol. II at 473-474. Furthermore, CertainTeed submits the affidavit of Charles B. Blakinger in support of its assertion that Plaintiff's description of the roofing materials used (rolled roofing, cements, and coatings) is inconsistent with CertainTeed roofing products at the time period in question (approximately 1957 — 1962). CertainTeed claims that it did not produce rolled roofing, like the one described by Plaintiff during the time period at issue, and that the CertainTeed roofing cements and coatings that may have contained asbestos at that time were not dusty and would not have released asbestos fibers. CertainTeed further claims that Plaintiff has failed to demonstrate a causal connection between her injuries and any CertainTeed product, as she has produced no evidence to show that she directly handled or was in close proximity to the roofing materials that may have contained asbestos. Plaintiff was, at most, a remote observer.
Plaintiff rebuts CertainTeed's motion, arguing that she has given specific testimony regarding her exposure to Defendant's asbestos containing products. Plaintiff points to her deposition, in which she testified that she had helped her brothers-in-law mix a powder substance with water, and that she recalled the powder's name as something similar to CertainTeed. Plaintiff contends that the issues regarding whether or not CertainTeed's products contained asbestos and to what extent her exposure to the products contributed to her asbestos-related disease were questions for the jury. Plaintiff also contends that CertainTeed's motion is premature, as CertainTeed has failed to fully respond to discovery requests; it has refused to *Page 3 
produce lists, brochures, and other information regarding asbestos-containing products sold by CertainTeed during the relevant time period.
 Standard of Review
In deciding a motion for summary judgment, the trial judge considers the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits and determines whether these documents, when viewed in a light most favorable to the nonmoving party, present a genuine issue of fact. Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126 (R.I. 2001) (citations omitted); Volino v. General Dynamics, 539 A.2d 531,532-533 (R.I 1988). The moving party bears the initial burden of establishing that no genuine issues of material fact exist. Heflin v.Koszela, 774 A.2d 25, 29 (R.I. 2001). If the moving party is able to sustain its burden, then the opposing party must demonstrate the existence of substantial evidence to dispute the moving party on a material issue of fact. See id.; see also Hydro-Manufacturing, Inc. v.Kayser-Roth Corp., 640 A.2d 950, 954 (R.I. 1994); Bourg v. Bristol BoatCo., 705 A.2d 969, 971 (R.I. 1998). The opposing party need not disclose all of its evidence, but it must demonstrate that evidence beyond mere allegations exists to support its factual contentions. See e.g.,Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980); Nichols v. R.R. Beaufort Assoc., Inc., 727 A.2d 174, 177 (R.I. 1999); see also Bourg v. BristolBoat Co., 705 A.2d 969, 971 (R.I. 1998) (citations omitted). If the opposing party can demonstrate the existence of a triable issue of fact, the motion for summary judgment will be denied. See e.g.,Palmisciano v. Burrillville Racing Ass'n., 603 A.2d 317, 320 (R.I. 2001).
 Analysis
Summary judgment is premature when discovery is incomplete. SeeSheinkopf v. Stone, 927 F.2d 1259, 1263 (D. R.I. 1993). Here, Plaintiff asserts that Defendant has failed to respond *Page 4 
completely to discovery requests. CertainTeed claims that some of the requested discovery has been made available, but is kept in a document repository in Washington, D.C. As the Plaintiff has not yet had the opportunity to travel to Washington, D.C. to determine the content of the documents, the Court finds that discovery is legitimately on-going.
Beyond the fact that the motion for summary judgment is premature in this case, the Court also finds that there is a material issue of fact. In asbestos litigation, the plaintiff must identify the defendant's asbestos product and establish that the product was a proximate cause of his or her injury. See Celotex Corp. v. Catrett, 477 U.S. 317, 319-320
(1986). CertainTeed contends that Plaintiff cannot demonstrate the unity of product and exposure — Plaintiff never exactly identified CertainTeed and Plaintiff only observed the roofing work — and therefore, Plaintiff cannot sustain her claim of a material fact. However, Plaintiff has provided deposition testimony to indicate that a product similar in title to CertainTeed was used in a roofing project, and that it was a dry product which she helped to mix. Plaintiff has asserted that her contention about the physical nature of the product will be supported by expert testimony, which need not be fully explored at this stage of discovery.
In its argument before this Court, CertainTeed claimed that Plaintiff's deposition testimony was not credible, and that Plaintiff has therefore failed to challenge CertainTeed's findings that its product could not have caused her injury. CertainTeed has essentially asked the Court to make a credibility determination, which is inappropriate in a summary judgment review; the Court cannot pass on the weight of the evidence or the credibility of the witnesses. See Palazzov. Big G. Supermarkets, Inc., 110 R.I. 242, 292 A.2d 235 (1972). Therefore, the existence of contradicting evidence put forth by the parties indicates that summary judgment is inappropriate in this case. *Page 5 
 Conclusion
Defendant's Motion for Summary Judgment is premature in this case, and the Court, having viewed the evidence in a light most favorable to the Plaintiff, finds that a genuine issue of material fact exists for a jury to determine. See Sturbridge Home Builders, Inc. v. Downing Seaport,Inc., 890 A.2d 58, 62 (R.I. 2005). Therefore, CertainTeed Corporation's Motion for Summary Judgment is denied. Counsel shall prepare the appropriate order for entry. *Page 1