513 A.2d 471

**Patrick GILLESPIE, Appellant,**

v.

**ST. JOSEPH'S UNIVERSITY, International Brotherhood of Firemen and Oilers, Local 473, Clifford Rudd and William Evans.**

Superior Court of Pennsylvania.

Submitted June 19, 1986.

Filed Aug. 1, 1986.

Daniel B. Boasberg, Norristown, for appellant.

Sandra A. Girifalco, Philadelphia, for appellees.

Before CIRILLO, President Judge, and TAMILIA and KELLY, JJ.

TAMILIA, Judge:

This is an appeal from an Order sustaining preliminary objections in the nature of a demurrer to Counts II and V of appellant's amended complaint.

Appellant, Patrick Gillespie, was employed as a head groundskeeper by appellee, St. Joseph's University. On May 11, 1983, the University discharged appellant from employment.

On March 29, 1985, appellant commenced this action by filing a writ of summons and subsequently filing a complaint [1] and an amended complaint.[2]

In Count II of his amended complaint, appellant brought an action of wrongful discharge against William Evans and appellees, Clifford Rudd and the University. Appellant averred he was wrongfully discharged after two fellow employees, Rudd and Evans, and the University accused him of a crime involving dishonesty. Appellant also asserted the accusers did not have reasonable cause for their accusations. Appellant alleged the University violated public policy by terminating his employment as a direct result of the accusations of criminal behavior. In Count V, appellant made a claim for punitive damages against all the defendants.

Appellee Clifford Rudd and the University filed preliminary objections in the nature of a demurrer to Counts II

1. Appellant originally brought suit against William Evans, International Brotherhood of Firemen and Oilers Local 473, and appellees, Clifford Rudd and St. Joseph University. The original complaint contained a Count II, which alleged a breach of an implied covenant of good faith and fair dealing by the appellees and William Evans and a Count IV, which alleged Local 473 failed to adequately represent appellant in his attempt to return to his employment. On July 24, 1985, appellant filed a praecipe to discontinue his action against Local 473. Appellant's amended complaint does not include either of those Counts.

2. On August 5, 1985, appellant filed an amended complaint in response to preliminary objections by the appellees. In Count I of his amended complaint, appellant alleges Clifford Rudd committed an assault and battery upon him on May 11, 1983. Count I is not an issue in this appeal. We also note appellant's amended complaint is numbered I, II and V.

and V of appellant's amended complaint.[3] The lower court sustained the preliminary objections after finding that appellant's complaint failed to state a cause of action under Pennsylvania law.

On appeal, appellant alleges the lower court committed an error of law when it sustained the preliminary objections of the appellees. Appellant urges this Court to apply a balancing test to determine whether a cause of action for wrongful discharge exists when an employee has been falsely accused of a crime and discharged as a result of the accusation.

The standard for sustaining preliminary objections in the nature of a demurrer is quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain a demurrer, it is essential that the complaint indicate on its face that the claim cannot be sustained and the law will not permit any recovery. *Hunter v. Port Authority of Allegheny County*, 277 Pa.Super. 4, 14, 419 A.2d 631, 636 (1980).

An employee at will can maintain an action for wrongful discharge against the employer if the discharge is motivated by a specific intent to harm the employee or the discharge violates a clear mandate of public policy. *Geary v. United States Steel*, 456 Pa. 171, 319 A.2d 174 (1974), *Darlington v. General Electric*, 350 Pa.Super. 183, 504 A.2d 306 (1986). Appellant's amended complaint does not contain any specific allegation that the University discharged him with the specific intent to harm him. Appellant alleges he was wrongfully discharged as a result of being falsely accused of a crime of dishonesty and contends that his discharge was violative of a public policy which the court should adopt. Specifically, appellant argues a balancing approach should be instituted whereby the rights of an employer are adequately preserved and at the same time

3. Review of the record indicates William Evans has not filed a preliminary objection or any other pleading in this case.

at-will employees are offered some protection against false or reckless accusations of criminal behavior. While appellant's argument is an appealing one, it is not in accord with the decision of our Supreme Court in *Geary*. The exception in *Geary* is limited to those cases where the discharge is violative of a *clear mandate* of public policy. *Geary, supra.*

In *Cisco v. United Parcel Services*, 328 Pa.Super. 300, 476 A.2d 1340 (1984), we held that an employer's discharge and refusal to rehire an employee, who was charged with and subsequently acquitted of criminal charges of theft and trespass, did not violate public policy. *See also Leibowitz v. H.A. Winston Co.*, 342 Pa.Super. 456, 493 A.2d 111 (1985). Similarly, in the case at hand, we find as a matter of law that there has been no violation of public policy sufficient to maintain an action for wrongful discharge.

Because appellant has failed to state a cause of action for wrongful discharge, Count II cannot stand and thus appellant's claim for punitive damages in Count V, based on Count II, is also invalid.

For the above-stated reasons, we affirm the lower court's Order sustaining the preliminary objections in the nature of a demurrer to Counts II and V of appellant's complaint.

Order affirmed.