## Laxson v. Lenger

*William J. Fries,* for plaintiff.
*Henry S. Perkin,* for defendant.

McGINLEY, *J.,* March 6, 1990 — The matters before the court are defendant's preliminary objections to count II of plaintiff's complaint, which raise the issue whether plaintiff lessor of a mobile home lot from defendant lessee has alleged sufficient facts to maintain a private cause of action under the "Unfair Trade Practices and Consumer Protection Law." 73 P.S. §201-1 et seq. For the reasons hereinafter stated, we sustain in part and deny in part defendant's preliminary objections, giving plaintiff the opportunity to replead.

A demurrer admits all well-pleaded material facts in plaintiff's complaint, as well as all inferences reasonably deducible therefrom. It does not admit conclusions of law. A demurrer will be sustained only when the complaint is defective on its face and it is clear that the law will not permit recovery. *Gillespie v. St. Joseph's University*, 355 Pa. Super. 362, 513 A.2d 471 (1986), citing *Hunter v. Port Authority of Allegheny County*, 277 Pa. Super. 4, 419 A.2d 631 (1980).

The "Unfair Trade Practices and Consumer Protection Law" makes unlawful "unfair methods of competition" and "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. §201-3. Included within the definition of "unfair methods of competition" and "unfair or deceptive acts or practices" is "engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. §201-2(4)(xvii). The law provides a private cause of action to: "Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act, or practice declared unlawful by section 3 of this act."[1] 73 P.S. §201-9.2.

Plaintiff alleges that defendant violated 73 P.S. §201.2(4)(xvii) by the following conduct:

"(a) In fraudulently and unreasonably withholding his approval of the prospective purchasers of plaintiff's mobile home for tenancy in his mobile home park.

"(b) In falsely representing that he could not approve any purchasers of plaintiff's mobile home

---

1. 73 P.S. §201-3.

for tenancy for the claimed reason that the space was needed for other tenants.

"(c) In insisting that he possesses a superior right to deny tenancy to prospective purchasers merely because other tenants would need the lot space in question, even assuming the claim of defendant to. be true.

"(d) In otherwise engaging in fraudulent conduct creating a likelihood of confusion or misunderstanding." Plaintiff's complaint, paragraph 18.

Defendant contends that plaintiff does not have a private cause of action because he has failed to allege the purchase or lease of goods or services primarily for personal, family or household purposes.

Pennsylvania appellate courts have found that the law applies to both the leasing of residential real estate, *Commonwealth v. Monumental Properties Inc.,* 459 Pa. 450, 329 A.2d 812 (1974); and the sale of residential real estate. *Gabriel v. O'Hara,* 368 Pa. Super. 383, 534 A.2d 488 (1987). Although the matter before us involves a somewhat different scenario, inasmuch as it concerns the lease of real property, and not the abode, in light of the broad language and reasoning of the above opinions, we conclude that plaintiff should not be barred from pursuing a private cause of action at this stage of the proceedings.

Defendant also argues that plaintiff did not lease the property as a result of fraudulent conduct of defendant. In *Mason v. National Central Bank,* the court construed 73 P.S. §201-9.2 as follows: "The statute says that a person must purchase or lease goods and 'thereby' lose money or property, based upon a deception or unfair practice. We consider that the loss must follow the purchase, and that the purchase itself must have been due to a deceptive

practice." 19 D.&C.3d 229, 232 (1980). On the other hand, in *In re Smith,* the Third Circuit Court of Appeals provides a convincing explanation why 73 P.S. §201-9.2 should not be construed in such a restrictive manner. 866 F.2d 576, 582-3 (1989).

Technically, neither of these decisions constitute binding precedent. However, we find the reasoning of the Third Circuit Court of Appeals to be persuasive. We will not preclude plaintiff from pursuing his private cause of action, even though his pleading alleges fraudulent conduct when plaintiff attempted to transfer his interest in the lease to third parties rather than when plaintiff himself entered into the lease.

Defendant also argues that plaintiff has failed to allege sufficient facts showing that defendant's conduct was fraudulent within the meaning of the law. Specifically, defendant contends that the facts pled fail to establish the elements of common-law fraud; i.e.: (1) a misrepresentation of a material fact; (2) made with knowledge of its falsity and with the intention to deceive; (3) where the victim relies upon the misrepresentation to his/her detriment. *Edelson v. Bernstein,* 382 Pa. 392, 115 A.2d 382 (1955); *Shane v. Hoffmann,* 227 Pa. Super. 176, 324 A.2d 532 (1974).[2]

Plaintiff asserts that the fraud referred to in 73 P.S. §201-2(4)(xvii) is not common-law fraud, but rather is a statutory concept arising out of the law. However, the law does not contain a statutory definition of "fraud." Moreover, federal courts in interpreting this provision have found that the statute requires a showing of the elements of common-law fraud. *In re Smith, supra,* at 583.

---

2. Although defendant did not brief this issue, it was discussed by both parties at oral argument and we therefore determine that it is an appropriate matter for our disposition.

Although federal opinions are not binding upon us, we again find the Third Circuit's interpretation persuasive. We therefore conclude that plaintiff must plead facts showing that defendant's conduct amounted to common-law fraud.

Plaintiff's complaint accuses defendant of making a misrepresentation. We find, however, that it does not allege any facts tending to show that defendant knew the representation to be false or that it was done with the intent to deceive. Inasmuch as it is possible to cure this deficiency by amended pleading, we will give plaintiff an opportunity to replead.

### ORDER

Now, March 6, 1990, following oral argument on January 3, 1990, consideration of the briefs of the parties, and for the reasons expressed in the accompanying opinion, it is ordered that the preliminary objection of defendant Joe Lenger, t/a Center Valley Mobile Home Park, in the form of a demurrer to count II of plaintiff's complaint, is denied in part and sustained in part. It is further ordered that plaintiff shall have 20 days from the service of this order to file an amended complaint.