641 A.2d 667

**Randy L. RANK, Appellant**

v.

**The TOWNSHIP OF ANNVILLE and Annville Township Board of Directors.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 25, 1994.

Decided April 20, 1994.

494

Daniel F. Wolfson, for appellant.

Roger T. Margolis, for appellees.

Before McGINLEY and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Randy L. Rank (Rank) appeals from the June 29, 1993 final order of the Court of Common Pleas of Lebanon County (trial court) which sustained the Township of Annville and the Annville Township Board of Directors' (Township) demurrer to Rank's amended complaint. We affirm.

The complaint states as follows: that in January of 1989, the Township hired Rank as an equipment operator; that on October 21, 1990, Rank was involved in a automobile accident; that as a result of the accident, Rank was charged with possession of controlled substances; that those charges were dismissed; and that the Township terminated Rank's employment effective January 7, 1991.

On January 7, 1993, Rank filed a praecipe for the issuance of a writ of summons. On January 28, 1993, he filed a complaint alleging that the Township wrongfully discharged him from his employment. Rank then filed an amended complaint on February 16, 1993, to which the Township filed preliminary objections in the nature of a demurrer. On June 29, 1993, the Honorable Robert J. Eby, in a well-reasoned opinion sustained the Township's preliminary objections and dismissed Rank's amended complaint. Rank appealed. Rank

only raises one issue on appeal: whether his termination as an at-will public employee violated public policy and his presumption of innocence.

■ Our scope of review from an order sustaining preliminary objections in the nature of a demurrer is to determine whether, on the facts alleged, the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore,* 157 Pa.Commonwealth Ct. 243, 246 n. 3, 629 A.2d 270, 271 n. 3 (1993). We must accept as true all well-pleaded allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

Rank argues that the trial court erred when it dismissed his complaint based upon the Township's demurrer for failure to state a claim. He argues that he states a claim for wrongful termination based upon a public policy exception to the "at will" employment rule. In his complaint, Rank avers the following:

10. There is a long standing public policy in favor of a person charged with a criminal offense that there is a presumption of innocence until guilt is proven beyond a reasonable doubt.

11. No such presumption of innocence was extended to the Plaintiff herein; rather his guilt was presumed on the basis of the charge alone.

12. Plaintiff was wrongfully discharge [sic] in violation of the aforementioned policy.

(Supp.R.R. at A–14.)

■ It is a well-established principle in Pennsylvania law that an "at will" employee may be terminated for good cause, bad cause or no cause at all unless that termination violates a provision of a written employment contract or statute. *Hershberger v. Jersey Shore Steel Company,* 394 Pa.Superior Ct. 363, 575 A.2d 944 (1990). One exception to this rule is when employment is terminated for reasons which result in violations of "significant and recognized public policies." *Yetter v. Ward Trucking Corporation,* 401 Pa.Superior Ct. 467, 474, 585

A.2d 1022, 1026, *petition for allowance of appeal denied,* 529 Pa. 623, 600 A.2d 539 (1991).

■ Rank contends that his employment was terminated in violation of the public policy that one is presumed innocent until proven guilty. He cites *Hunter v. Port Authority of Allegheny County,* 277 Pa.Superior Ct. 4, 419 A.2d 631 (1980) in support of his argument. In that case, an appellant was denied public employment based on a twelve-year-old assault and battery conviction for which he had been fully pardoned.

In *Hunter,* the Superior Court found that the appellant had stated a claim upon which relief could be granted. The Pennsylvania Legislature enacted a statute limiting an employer's reliance upon criminal records when making employment decisions. Denying someone public employment based upon a prior conviction for which one had been pardoned violates that statute. Further, Article I, Section 1 of the Pennsylvania State Constitution prohibits the government from interfering in an employee's right to engage in an occupation without a reasonable relationship to a governmental objective. The employment decision directly affected Hunter's constitutional right. In Rank's case, however, his right to be presumed innocent in the face of a criminal prosecution until proven guilty in a court of law was not affected.

The Pennsylvania Supreme Court set forth the law of wrongful discharge in *Geary v. United States Steel Corporation,* 456 Pa. 171, 319 A.2d 174 (1974):

Absent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relationship for any or no reason. This power of termination is explicitly recognized in the Restatement of Torts, § 762, Privilege of Selecting Persons for Business relations....

*Id.* at 171, 319 A.2d at 176 (footnote omitted).

We hold only that where the complaint itself discloses a plausible and legitimate reason for terminating an at-will employment relationship and no clear mandate of public

policy is violated thereby, an employee at will has no right of action against his employer for wrongful discharge.

*Id.* at 184, 319 A.2d at 180.

Cases involving clear public policy violations include *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir.1979) (employee terminated for refusal to submit to illegal polygraph) and *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Superior Ct. 28, 386 A.2d 119 (1978) (employee terminated for performing jury service).

There is no dispute that Rank was an at-will employee. Therefore, he has no right of action against his employer for wrongful discharge unless he fits into the public policy exception. Rank attempts to enlarge the public policy exception of this rule to include the presumption that one is "innocent until proven guilty" as a public policy, which he argues the Township violated when it terminated his employment. Relying on decisions by the appellate courts, the trial court found that there is no clear public policy at stake here which the courts must protect. We agree.

In *Gillespie v. St. Joseph's University*, 355 Pa.Superior Ct. 362, 513 A.2d 471 (1986), the University fired an employee based on the accusations of criminal conduct made by two fellow employees. The employee sued the University, alleging it was against public policy to terminate someone's employment based on unsubstantiated allegations of criminal conduct. The trial court sustained the University's preliminary objections and the Superior Court affirmed, citing *Geary* and *Cisco v. United Parcel Services*, 328 Pa.Superior Ct. 300, 476 A.2d 1340 (1984).

In *Cisco*, an employee who was charged with theft and criminal trespass was acquitted by a jury. The employee had resigned under pressure from his employer and the employer refused to rehire him after he was acquitted. The Superior Court found that the employer's actions did not violate any public policy:

Appellant urges that a criminal defendant's right to a presumption of innocence is the public policy involved in his

case. He argues that the guarantee of this right carries little or no impact if an individual may be arbitrarily discharged from his source of livelihood merely because of an accusation.

. . . .

While the full panoply of rights incident to a criminal defendant were entitlements of appellant in his trial experience, including the right to be presumed innocent until proven guilty, these rights which are ensured by both the United States and Pennsylvania Constitutions are not necessarily meant to, nor can they, be superimposed into an accused's remaining life experiences.

*Cisco*, 328 Pa.Superior Ct. at 306, 308, 476 A.2d at 1343, 1344.

Rank distinguishes *Gillespie* and *Cisco* on the basis that the employees in those cases were private, not public employers, as in *Hunter* and in this case. However, absent civil service protections and enforceable contracts, public employees are at-will employees who can be discharged at any time. *Hoffman v. Montour County,* 50 Pa.Commonwealth Ct. 101, 411 A.2d 1319 (1980). Public employees do not have substantive property rights in their employment. *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960). Therefore, public employees have no greater protection from being discharged than private employees and the public policy exception to the general rule is no larger for public employees than private employees.

We conclude that Rank failed to state a claim upon which relief may be granted. Therefore, we need not address the Township's arguments that it is immune from suit based on governmental immunity.

For the reasons stated above, the final order of the Court of Common Pleas of Lebanon County sustaining the Township's preliminary objections and dismissing the complaint is affirmed.

## *ORDER*

**AND NOW,** this 20th day of April, 1994, the order of the Court of Common Pleas of Lebanon County dated June 29, 1993, at No. 93–00085 is hereby affirmed.