## Spriegel v. Kensey Nash Corporation

*Larry M. Keller,* for plaintiff.
*John J. Leonard,* for defendant.

SHENKIN, *J.,* December 11, 1995—We have before us defendant's motion for summary judgment. In this case, plaintiff asserts a cause of action against the defendant for wrongful discharge. Plaintiff admits that he was an employee at will but claims that he nevertheless has a cause of action because he was discharged for a reason which violates the public policy of this Commonwealth. Plaintiff asserts that he was directed to do an illegal act but refused to do so and that, *directly as a result of such refusal,* he was fired.

Specifically, plaintiff alleges that his termination was in retaliation for his refusal to perform animal studies that were in violation of federal and state laws, including the Animal Welfare Act.

When we consider a motion for summary judgment, "the record must be examined in the light most favorable to the non-moving party, accepting as true all well-pleaded facts in its pleadings and giving that party the benefit of all reasonable inferences drawn therefrom." *Kaller's Inc. v. John J. Spencer Roofing Inc.*, 388 Pa. Super. 361, 364, 565 A.2d 794, 796 (1989); *Boyd v. Albert Einstein Medical Center*, 377 Pa. Super. 609, 614, 547 A.2d 1229, 1231 (1988). On that basis, we find that the plaintiff has alleged and sufficiently supported the proposition that he was fired for refusing to break the law and for no other reason. Therefore, in this case, the issue squarely presented to us by this motion is whether or not a person who is admittedly an employee at will may nevertheless pursue an action for wrongful discharge when the discharge is because of the refusal of the employee to accept the direction of the employer to perform certain job activities when those activities are illegal. Although defendant denies many of plaintiff's assertions and there is certainly no assurance that these will be the facts proven at trial, for the purposes of this motion we assume, as we must, that the facts are as claimed by the plaintiff.[1] On this basis, the motion must be denied.

---

1. At trial, plaintiff will have to prove his contentions and defendant may have several viable defenses. For example, termination of employment for disruptive behavior arising out of a valid dispute as to the application of a law is not actionable, *McGonagle v. Union Fidelity Corp.*, 383 Pa. Super. 223, 556 A.2d 878 (1989); and, also, an employee who refuses to break the law may nevertheless be terminated for other, not invalid, reasons. *Mudd v. Hoffman Homes*

Generally, an at-will employee may be terminated for good cause, bad cause or no cause at all unless the termination violates a written employment contract or a statute. *Rank v. Township of Annville,* 163 Pa. Commw. 492, 495, 641 A.2d 667, 669 (1994); *Krajsa v. Keypunch Inc.,* 424 Pa. Super. 230, 237, 622 A.2d 355, 358 (1993); *McGonagle v. Union Fidelity Corp.,* 383 Pa. Super. 223, 230, 556 A.2d 878, 881 (1989), *alloc. denied,* 525 Pa. 584, 575 A.2d 115 (1990). However, there are exceptions to this rule. One exception is where the discharge of an at-will employee would threaten "clear mandates of public policy." *Krajsa v. Keypunch Inc., supra* at 237, 622 A.2d at 358. (citations omitted)

In such a case, "[a]n employer's liability for wrongful discharge rests on whether a 'well-recognized facet of public policy is at stake,' . . . a policy which 'strikes at the heart of [a] citizen's social right, duties, and responsibilities.' " *Highhouse v. Avery Transportation,* 443 Pa. Super. 120, 125, 660 A.2d 1374, 1377 (1995). (citations omitted) "In Pennsylvania, the public policy exception to employment at will recognizes a cause of action for wrongful discharge if the employee has been retaliated against for conduct actually required

---

*for Youth Inc.,* 374 Pa. Super. 522, 528-29, 543 A.2d 1092, 1095 (1988); *Geary v. United States Steel Corp.,* 456 Pa. 171, 183, 319 A.2d 174, 180 (1974). Defendant has raised both of these issues in this motion. But the proof of those contentions relies upon oral testimony of witnesses proffered, at least for the purposes of this motion, by the moving party, the defendant herein. As such, this testimony cannot be utilized to support the granting of a motion for summary judgment. See *Ack v. Carroll Township Authority,* 661 A.2d 514, 516 (Pa. Commw. 1995); *Garcia v. Savage,* 402 Pa. Super. 324, 326, 586 A.2d 1375, 1376 (1991); *Nanty-Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932).

by law or refusing to participate in conduct actually prohibited by law . . . ." *Perry v. Tioga County,* 168 Pa. Commw. 126, 133 n.8, 649 A.2d 186, 189 n.8 (1994); *Smith v. Calgon Carbon Corp.,* 917 F.2d 1338, 1344 (3d Cir. 1990); *Woodson v. AMF Leisureland Centers Inc.,* 842 F.2d 699, 701-702 (3d Cir. 1988) see also, *Krajsa v. Keypunch Inc., supra* at 239, 622 A.2d at 359.

For example, a violation of a clear mandate of public policy has been found where an employer discharged an employee for making an unemployment compensation claim during a period where he was not working and earning income, *Highhouse v. Avery Transportation, supra* at 126, 660 A.2d at 1378; where an employee was discharged for performing his statutory duty to report nuclear safety violations, *Field v. Philadelphia Electric Co.,* 388 Pa. Super. 400, 565 A.2d 1170 (1989); where public employment was denied on the basis of a prior conviction for which the individual had been pardoned, *Hunter v. Port Authority of Allegheny County,* 277 Pa. Super. 4, 419 A.2d 631 (1980); and where the discharge was for serving on a jury, *Reuther v. Fowler & Williams Inc.,* 255 Pa. Super. 28, 386 A.2d 119 (1978).

As noted above, plaintiff contends that he was discharged for refusing to perform animal studies that were contrary to federal and state law. As such, he argues, his discharge was against the public policy of this Commonwealth and, therefore, is one of the exceptions to the general doctrine governing at-will employees. According to plaintiff, refusing to break the law is a highly desirable trait. Clearly so. But that alone is not sufficient to carry the day for the plaintiff. Plaintiff further argues that personal determination to abide by the law is such an important personal trait that adherence to that prin-

ciple should be protected by law. We agree. To rule otherwise would be to adopt a rule of law which would not only countenance but actually encourage, indeed require, a person to break the law as a condition of continuing employment if directed so to do by his or her employer. We will not adopt such a rule.

On the contrary, we are satisfied that terminating a person's employment because that person refuses to violate the law is a clear violation of the public policy of the Commonwealth of Pennsylvania and gives rise to a cause of action for wrongful discharge by the terminated employee against the employer.

In *Field v. Philadelphia Electric Co., supra,* the court reversed the trial court's decision granting a demurrer and found that plaintiffs' wrongful discharge claim, wherein they alleged that their termination was due to one plaintiff's reporting safety violations to the Nuclear Regulatory Commission as required by the Energy Reorganization Act, was legally sufficient. The court reasoned that plaintiffs were fired due to plaintiff's performance of a duty he was required to perform under federal law, a law that "was designed to protect the health and safety of the public against the dangers of radiation." *Id.* at 420, 565 A.2d at 1180. The court noted the following factors: the dangers at issue were "well-recognized, substantiated, and matters of great public concern;" plaintiff had not bypassed normal operations, but rather, had gone to his supervisors first and only resorted to the NRC when his employer lied to him and destroyed his incident report; plaintiff was a expert in the area, knew about the applicable regulations and knew his employer's actions were not in compliance; and public exposure was possible as a result of the employer's actions. *Id.* The *Field* court concluded that insofar as there was no indication that plaintiff

was disrupting the normal plant operations by making inquiries about the radiation exposure and there was no other reason for the terminations, plaintiffs stated a claim for wrongful discharge. *Id.* at 424, 565 A.2d at 1182.

In our view, the passage of *every law* represents a clear mandate of public policy. Otherwise, we would have the situation in which every individual would choose which laws to obey and which to ignore. That position is not tenable. Statutory law duly enacted by our elected representatives represents the clear mandate of the people as to the minimum acceptable behavior of persons in our society. It is the responsibility of the legislature to make such collective decisions for the citizenry as a group. The government and this judiciary cannot do less than protect to the maximum extent possible a personal determination to comply fully with the spirit, as well as the letter, of each and every duly enacted law.

Accordingly, we hereby enter the following

## ORDER

And now, December 11, 1995, upon consideration of defendant's motion for summary judgment, plaintiff's response thereto and the briefs and arguments of counsel, it is hereby ordered that the motion is denied.