**Rugg v. Green Acres Contracting Co. Inc.**

C.P. of Fayette County, no. 1283 of 2001 G.D.

*Mark Rowan* for plaintiff.
*Jane Lewis Volk* and *David Reiss,* for defendant.

WARMAN, *J.,* November 28, 2001—Presently before this court for disposition are preliminary objections filed on behalf of defendants Green Acres Contracting Co. Inc., Paul Humberston, and Thomas Pisula to plaintiff's amended complaint.

Defendants raise several objections for our consideration. Defendants first object pursuant to Pa.R.C.P. 1028(a)(1) and claim that this court lacks subject matter jurisdiction as to defendants Paul Humberston and Thomas Pisula because no charge was filed against them with the Pennsylvania Human Relations Commission. Defendants next object pursuant to Pa.R.C.P. 1028(a)(4) in the nature of a demurrer and argue that because defendants Paul Humberston and Thomas Pisula were not employ-

ers as defined by the Pennsylvania Human Relations Act that plaintiff's amended complaint fails to state a cause of action against them. Defendants also object in the nature of a demurrer and claim that plaintiff's amended complaint does not state a cause of action for disability discrimination under the Pennsylvania Human Relations Act because plaintiff does not allege a handicap or disability as defined therein. Defendants' final objection is to plaintiff's claim for punitive damages. Defendants claim that punitive damages are not available under the Pennsylvania Human Relations Act. They, therefore, request this court to strike plaintiff's request for the same.[1]

After consideration of the record, applicable law, briefs and submissions of counsel, and for reasons more fully discussed herein, defendants' preliminary objections are sustained in part and overruled in part. Before addressing the merits of defendants' preliminary objections, we shall recount the facts and history of the present cause of action.

## BACKGROUND

Defendant, Green Acres Contracting Company Inc., is a Pennsylvania corporation with a principal place of business located on Pennsylvania Avenue, Scottdale, Westmoreland County, Pennsylvania. Green Acres is a construction company that engaged primarily in seasonal

---

1. At the time of argument, plaintiff's counsel agreed that the claim for punitive damages should be stricken from the amended complaint. Because punitive damages are not available under the Pennsylvania Human Relations Act, see *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745 (1998), we accordingly sustain defendants' objection to the same and order the claim for punitive damages stricken from plaintiff's amended complaint.

highway right-of-way maintenance and construction including, but not limited to, installing guiderails, pavement markers, seeding, and mulching. Sometime in September of 1980, Green Acres employed plaintiff as a laborer and truck driver.

On or about September 21, 1984, plaintiff alleges that he suffered a work-related low back injury that caused him to miss approximately six months of work. Plaintiff further alleges that on or about December 11, 1987, he suffered a recurrence of his back injury and received workers' compensation for approximately five months. Plaintiff further alleges that the recurring back injuries substantially limited one or more of his major life activities, including walking, lifting, and working. Plaintiff further alleges that his recurring back injuries prevented him from performing any job which required repetitive bending, lifting, stooping, crawling, or squatting.

Plaintiff additionally alleges that sometime in May of 1994, he sustained a work-related injury to both knees that required surgery. Plaintiff, however, returned to regular full duty work sometime in the spring of 1996. Plaintiff alleges that his recurring knee injury also substantially limited one or more of his major life activities, including walking, standing, lifting and working.

Plaintiff received a normal seasonal layoff during the winter of 1996. In the spring of 1997, plaintiff alleges that he repeatedly asked defendant Thomas Pisula to return to work, and informed him that he was ready, willing and able to perform the necessary functions of the job. Plaintiff further alleges that defendant Pisula informed plaintiff that he was not being called back to work because he had bad knees and a bad back. Plaintiff also alleges that defendant Paul Humberston indicated that

plaintiff was not being called back due to his work injuries. Plaintiff further avers that defendant Green Acres thereafter hired younger, less experienced, healthy individuals without a history of work-related injuries.

Plaintiff further avers that based on his back and knee injuries that he has a record of, or history of, a handicap or disability and that Green Acres regarded him as having such disability despite his ability to perform the essential functions of his previous job. He, therefore, alleges that defendants discriminated against him in violation of the Pennsylvania Human Relations Act.

On or about August 5, 1997, plaintiff filed a complaint with the Pennsylvania Human Relations Commission. Green Acres was the only respondent named in the complaint. By letter dated March 12, 2001, the Pennsylvania Human Relations Commission notified plaintiff that following an investigation of his complaint, his charge of discrimination was being dismissed because the facts of the case failed to establish that probable cause existed to credit the allegations of unlawful discrimination. Enclosed therewith was a notice of rights of complainants after dismissal of complaint that informed plaintiff of his right to file a complaint in the court of common pleas of the county in which the alleged unlawful discriminatory practice took place.

Thereafter, on or about June 8, 2001, a three-count complaint was filed on behalf of plaintiff in the Court of Common Pleas of Fayette County. Preliminary objections were filed on behalf of defendants thereto, and on or about August 3, 2001, an amended complaint was filed on behalf of plaintiff. Thereafter, on or about August 22, 2001, preliminary objections were filed on behalf of de-

fendants to plaintiff's amended complaint, and on October 3, 2001, we heard oral argument thereon.

## DISCUSSION

It is well settled that in ruling on preliminary objections, the court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom; however, the court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Dorfman v. Pennsylvania Social Services Union—Local 668 of the Service Employees International Union,* 752 A.2d 933 (Pa. Commw. 2000); *Turner v. Pennsylvania Board of Probation and Parole,* 749 A.2d 1018 (Pa. Commw. 2000).

Preliminary objections may be filed on the ground of legal insufficiency of a pleading; such an objection is commonly referred to as a demurrer. Preliminary objections in the nature of a demurrer require this court to resolve issues solely on the basis of the pleading with no other evidence being considered. *Mellon Bank v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994). In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and the law will not permit recovery. *Chichester School District v. Chichester Education Association,* 750 A.2d 400 (Pa. Commw. 2000), *allocatur denied,* 2000 Pa. Lexis 2684. If there is any doubt, it should be resolved by overruling the demurrer. *Id.*

A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without doubt fail to state a claim upon which relief may be granted. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). If any theory will support the

pleading challenged by the preliminary objection, the objection will be denied. *Cianfrani v. Commonwealth State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984). The only issue to be resolved by a preliminary objection on the ground of legal insufficiency in the nature of a demurrer is whether the facts as alleged in the pleading are sufficient to entitle the claimant to relief. *Gillespie v. St. Joseph's University,* 355 Pa. Super. 362, 513 A.2d 471 (1986). With the above mentioned rules in mind, this court now turns to the case at bar.

We will first consider defendants' preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) in the nature of a demurrer wherein they claim that plaintiff's amended complaint fails to state a cause of action for disability discrimination as to all defendants because it fails to allege that plaintiff suffers from an impairment that substantially limits one or more of his major life activities or that he has a record of such an impairment or that he was regarded as having such an impairment.

We initially note that an employer is free to discharge an employee as long as the employer's reason is not one precluded by federal or state law. The Pennsylvania Human Relations Act at section 955 describes what actions constitute unlawful discriminatory employment practices. It prohibits employers and others from discriminating against various classes of individuals.

43 P.S. §955(b)(5) provides in pertinent part:

"It shall be unlawful discriminatory practice . . .

"(b) For any employer, employment agency or labor organization . . . to

"(5) Deny employment because of a prior handicap or disability." 43 P.S. §955(b)(5).

43 P.S. §954 (p. 1) defines the terms handicap or disability as:

"(1) a physical or mental impairment which substantially limits one or more of such person's major life activities;

"(2) a record of having such an impairment; or

"(3) being regarded as having such an impairment . . . ." 43 P.S. §954 (p. 1).

In order to set forth a cause of action under the Pennsylvania Human Relations Act, the employee must show that he or she was a member of a protected class, suffered an adverse employment action, and that others not in the class were treated differently. *Butler v. Elwyn Institute,* 765 F. Supp. 243 (E.D. Pa. 1991).

Defendants argue that plaintiff has failed to state a cause of action because in order to be covered by the disability portion of the Pennsylvania Human Relations Act, an individual must suffer or have a record of suffering or be regarded as suffering from an impairment which substantially limits one or more of such person's major life activities, and that here, plaintiff has alleged no such disability. Defendants further argue that plaintiff has only alleged a record of temporary medical conditions which are not afforded protection under the Pennsylvania Human Relations Act.

A review of plaintiff's amended complaint reveals that plaintiff is alleging a disability pursuant to 43 P.S. §954 (p. 1)(3) which defines a disability as being regarded as having an impairment which substantially limits one or more of such person's major life activities. To recover under the "regarded as" theory, a plaintiff must demonstrate that the employer regarded him as being disabled,

*i.e.,* as having an impairment that substantially limited one or more of plaintiff's major life activities. See *Imler v. Hollidaysburg American Legion Ambulance Service,* 731 A.2d 169 (Pa. Super. 1999), *allocatur denied,* 560 Pa. 706, 743 A.2d 920 (1999). The employer's mere awareness of an employee's impairment does not prove that the employer perceived the impairment as disabling for purposes of the Pennsylvania Human Relations Act. *Id.*

Plaintiff alleges in his amended complaint that because of his prior injuries and based on the statements of defendants Paul Humberston and Thomas Pisula that Green Acres regarded him as having such an impairment. He further alleges that as a result thereof, he suffered an adverse employment action by not being called back to work. Plaintiff additionally alleges that younger, less experienced, healthy individuals without a history of work-related injuries were thereafter hired by Green Acres.

After a careful review of the allegations contained in plaintiff's amended complaint, and after accepting as true all of the well-pled facts and inferences reasonably deducible therefrom, we must overrule defendants' preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) in the nature of a demurrer wherein they claim that plaintiff has failed to state a cause of action under the Pennsylvania Human Relations Act due to his failure to allege a disability thereunder.

Again, a demurrer should only be sustained in cases that clearly and without doubt fail to state a claim upon which relief may be granted. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). Here, we believe that based on the statute, and the allegations as

contained in plaintiff's amended complaint that plaintiff has sufficiently alleged a cause of action. We note that whether or not plaintiff can prove that Green Acres regarded him as having an impairment which substantially limited one or more of his major life activities and failed to call him back to work based thereon is not the issue now before this court. Instead, the issue at this time is whether plaintiff has sufficiently alleged that Green Acres regarded him as having such an impairment and based thereon failed to call him back to work. We conclude that the allegations contained in plaintiff's amended complaint sufficiently allege such conduct.

We will next consider defendants' preliminary objection made pursuant to Pa.R.C.P. 1028(a)(1) wherein they claim that this court lacks subject matter jurisdiction under the Pennsylvania Human Relations Act as to defendants Paul Humberston and Thomas Pisula because plaintiff failed to file charges against them with the Pennsylvania Human Relations Commission.

The Pennsylvania Human Relations Act pre-empts a party from bringing common-law claims based on discrimination. See *Brennan v. National Telephone Directory Corp.,* 850 F. Supp. 331 (E.D. Pa. 1994). Under Pennsylvania law, a plaintiff must exhaust all remedies and comply with all procedural requirements under the Pennsylvania Human Relations Act prior to seeking redress in court. *Clark v. Hess Trucking Company,* 879 F. Supp. 524 (W.D. Pa. 1995). Underlying this procedure, which postpones a complainant's right to seek action in the courts, is the legislative intent to use the greater expertise of administrative agencies in the area of unlawful discrimination, to promote voluntary compliance without litigation, and to give notice to the charged party.

*Lukus v. Westinghouse Electric Corp.,* 276 Pa. Super. 232, 419 A.2d 431 (1980). See also, *Bailey v. Storlazzi,* 729 A.2d 1206 (Pa. Super. 1999).

The failure to exhaust one's remedies under the Pennsylvania Human Relations Act precludes the court from exercising jurisdiction over a party's claim under the Act in subsequent litigation. *Parsons v. City of Philadelphia Coordinating Office of Drug and Alcohol Abuse Programs,* 833 F. Supp. 1108 (E.D. Pa. 1993).

In exhausting administrative remedies, a plaintiff is required to name all persons alleged to have committed acts of discrimination. See 43 P.S. §959. The purpose behind this rule is to alert concerned parties of the opportunity for voluntary conciliation without the animosity, expense, and publicity of litigation. *Kinnally v. Bell of Pennsylvania,* 748 F. Supp. 1136 (E.D. Pa. 1990). See also, *Davies v. Polyscience Inc.,* 126 F. Supp.2d 391 (E.D. Pa. 2001). There are circumstances, however, under which a plaintiff may be permitted to sue a party not specifically named in an administrative complaint. The Third Circuit has recognized an "identity of interest" exception to the exhaustion requirement "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Board of Public Education,* 903 F.2d 243 (3d Cir. 1990).

In *Glus v. G.C. Murphy Co.,* 629 F.2d 248 (3d Cir. 1980), *vacated on other grounds,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981), the court enumerated four factors that should be considered by the court in determining whether jurisdiction exists when the plaintiff has failed to exhaust his or her administrative remedies. The factors are: (1) whether the role of the unnamed party could through reasonable effort by the complainant be

asserted at the time of the filing of the complaint; (2) whether, under the circumstances, the interests of a named party are so similar to the unnamed party that for purposes of obtaining voluntary conciliation and compliance, it would be unnecessary to include the unnamed party in the proceeding; (3) whether the unnamed party's absence from the proceeding resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

In *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *certiorari granted*, 479 U.S. 982, 107 S.Ct. 568, 93 L.Ed.2d 573 (1986), *affirmed*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), the Third Circuit affirmed the exception recognized in *Glus*. The court explained, however, that the exception does not apply when there is no shared commonality of interest between the unnamed party and the named party and no notice to the unnamed party that they may be sued in court. See also, *Schafer v. Board of Public Education*, 903 F.2d 243 (3d Cir. 1990). Thus, before a court applies the exception, it must first determine if there is a shared commonality of interest and notice to the unnamed party.

Plaintiff argues that here, his failure to exhaust administrative remedies is a procedural issue and not jurisdictional. Plaintiff argues in the alternative that the exception discussed above applies because there is both a commonality of interest between the named and unnamed parties and notice to the defendants. In support of his argument that the exception applies, plaintiff, at the time of argument, claimed that Green Acres was solely owned by defendants Paul Humberston and Thomas Pisula, and

that given their ownership interests, they cannot deny that they had notice that they could later be sued in court on an individual basis. Plaintiff further alleged at the time of argument that the corporation is the alter-ego of these two defendants and that their interests are identical to the interests of the corporation. The pleadings in this case, however, fail to support any of these allegations.

Based on the record and applicable law, we believe that plaintiff's failure to exhaust administrative remedies against defendants Paul Humberston and Thomas Pisula deprives this court of jurisdiction to consider the discrimination claims contained in his amended complaint. We further believe that the exception to the rule discussed above does not apply in this case. There is nothing contained in the pleadings of this case to indicate a commonality of interest between Green Acres and defendants Paul Humberston and Thomas Pisula. Further, the pleadings are void of any indication of notice to these defendants that they could later be sued in court on an individual basis. We, therefore, find that the exception does not apply.

Based on the above reasoning, we conclude as a matter of law that this court lacks subject matter jurisdiction over the plaintiff's discrimination claim against defendants Paul Humberston and Thomas Pisula. We, therefore, sustain defendants' preliminary objection made pursuant to Pa.R.C.P. 1028(a)(1) and dismiss the claims contained in plaintiff's amended complaint against said defendants.[2]

---

2. Because we have sustained defendants Humberston and Pisula's preliminary objection made pursuant to Pa.R.C.P. 1028(a)(1), and have dismissed plaintiff's discrimination claims against said defendants, we need not consider their remaining preliminary objection herein.

In sum, this court: (1) overrules defendants' preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) in the nature of a demurrer wherein they claim that plaintiff has failed to state a cause of action under the Pennsylvania Human Relations Act; (2) sustains defendants' preliminary objection made pursuant to Pa.R.C.P. 1028(a)(1) and dismisses plaintiff's claims against defendants Paul Humberston and Thomas Pisula; and (3) sustains defendants' preliminary objection to plaintiff's request for punitive damages and orders the same stricken from plaintiff's amended complaint.

## ORDER

And now, November 28, 2001, upon consideration of the preliminary objections filed on behalf of defendants Green Acres Contracting Company Inc., Paul Humberston, and Thomas Pisula, to plaintiff's amended complaint, and upon further consideration of applicable law, briefs and arguments of counsel, it is hereby ordered and decreed that: (1) defendants' preliminary objection made pursuant to Pa.R.C.P. 1028(a)(4) in the nature of a demurrer wherein they claim that plaintiff has failed to state a cause of action under the Pennsylvania Human Relations Act is overruled; (2) defendants Paul Humberston and Thomas Pisula's preliminary objection made pursuant to Pa.R.C.P. 1028(a)(1) is sustained and plaintiff's claims against said defendants are dismissed; and (3) defendants' preliminary objection to plaintiff's request for punitive damages is sustained and the same is ordered stricken from plaintiff's amended complaint.